[Civ. No. 18595. Second Dist., Div. One. Mar. 26, 1952.]

CLARA SYKES, Respondent, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Joseph N. Owen and W. L. Weber, Deputy City Attorneys, for Appellant.

Obegi & High and Jess F. High for Respondent.

WHITE, P. J.—This appeal is prosecuted by the city of Los Angeles from a judgment against it entered upon the verdict of a jury in an action for damages for personal injuries sustained by plaintiff as the result of a fall on a defective public sidewalk. Appellant city contends that the evidence shows without conflict that plaintiff was guilty of contributory negligence; that the sole proximate cause of her injuries was plaintiff's negligence; that plaintiff had knowledge of the defect in the sidewalk, and under the evidence was not entitled to the benefit of the plea of "momentary forgetfulness" to excuse her negligence; and that the court erred in refusing to give two proffered instructions on the subject of the care required of plaintiff.

Taking up first the question of the refusal of instructions, the city requested an instruction to the effect that while a pedestrian using a sidewalk is not required to keep his eyes fastened constantly on the ground before him, he must exercise ordinary prudence in observing where he is going so as to avoid any peril which ordinary prudence and reasonable use of his eyes would disclose, and a second instruction to the effect that it was plaintiff's duty "to use her sense of sight as an ordinarily reasonable and prudent person would have used it, and to walk in a reasonable manner commensurate with conditions which should have been revealed to her by the ordinary use of her sense of sight."

The failure to give the requested instructions was not prejudicial error. The subject was adequately covered by other instructions. For example the court instructed the jury as follows:

"General human experience justifies the inference that when one looks in the direction of an object which is clearly visible, that person sees the object. When there is evidence to the effect that one did look but did not see that which was in plain sight, and did not see that which could have been

seen, in the exercise of ordinary care, it follows that there is an irreconcilable conflict in such eivdence or that the person was negligently inattentive."

"If you find from the evidence that the plaintiff had knowledge of the existence of the defect prior to her accident then you may consider such fact of prior knowledge on the part of the plaintiff in determining whether the plaintiff exercised ordinary care in walking along the sidewalk, and in determining whether the plaintiff was contributorily negligent at the time and place of her accident."

"Contributory negligence as used in these instructions means the want of ordinary care on the part of plaintiff and is not different from negligence, and like negligence must contribute proximately to cause the accident, but it matters not how slight nor in what degree it contributes thereto, provided it is a direct or proximate contributing cause, and therefore if plaintiff was guilty of any negligence, no matter how slight or in what degree, which contributed proximately to cause the accident, plaintiff cannot recover."

It is the rule that instructions should not be considered singly, but in their entirety, and from an examination of the instructions given in the case now engaging our attention we have no hesitancy in saying that the jury was clearly, understandingly and unerringly advised of the law applicable to each and all of the issues framed by the pleadings or raised by the evidence.

Stating the facts in the light most favorable to plaintiff and respondent (facts or evidence relied on by appellant will be mentioned in considering appellant's contentions on appeal), it appears that on the date of the accident to plaintiff and for some time prior thereto, a portion of the sidewalk on the south side of Ventura Boulevard between Sherman Oaks Avenue and Sepulveda Boulevard, had become cracked, and a slab of the walk was tilted in such a way that the south edge of the slab was approximately 6 inches above the normal sidewalk level, the height of the raised area diminishing in a northerly direction, the extreme northern edge being one half inch, more or less, above the normal sidewalk level. People other than plaintiff, using the sidewalk, had stumbled at this location.

On September 15, 1949, about 3 p. m., plaintiff, 63 years of age, in company with a friend, was walking along the sidewalk in an easterly direction. She was walking on the

south side of the walk, her friend on the north side. They were, according to plaintiff, "just walking along," engaged in conversation. The toe of plaintiff's right foot struck the raised portion of the sidewalk, and she fell, sustaining serious injuries. She testified that she had passed this spot on the sidewalk on previous occasions, knew that there was a defect, but had not noticed the high raised portion of the slab, but only the small irregularity at the north edge.

In support of its contention that the proximate cause of the accident was plaintiff's negligence alone, or that her negligence contributed thereto, the city points out that the condition of the walk was observable from 50 to 75 feet away; that the day was clear; that plaintiff had observed the defect on previous occasions; that there was nothing to distract plaintiff's attention, but that she was occupied in talking to a friend prior to and at the time she fell. "The only substantial conflict" it is urged "is found in plaintiff's testimony as to whether she looked at the sidewalk, occasionally, as she walked along. If she did not look at all, or if she looked but did not see the large obstruction directly in her path, on a clear day, plaintiff was not acting as would a reasonably prudent person under the same or similar circumstances. The facts indicate that she did not look at all, because on twelve previous trips up that same sidewalk she had not fallen, nor even stumbled."

Appellant, therefore, would have applied to this cause the rule that to look and fail to see what is in plain sight is to look without a reasonable degree of care (*Chase* v. *Thomas,* 7 Cal.App.2d 440 [46 P.2d 200]). ■ However, the fact that the defect in the sidewalk was visible for a distance of 50 to 75 feet does not compel a conclusion that the plaintiff was negligent in failing to see it. The rule contended for by appellant is of course properly applicable when a person looks but fails to see a substantial object such as an automobile, but it cannot be held that it was negligence as a matter of law for the plaintiff to fail to observe the sidewalk defect hereinbefore described. As observed by respondent, "There is a world of difference between a car or a truck and a raised sidewalk approximately three to four inches, which would be the depth of the portion where plaintiff fell." Whether a reasonably prudent person, situated as was the plaintiff herein, should have observed the raised slab of the sidewalk was unquestionably a problem for the jury.

██ It is true, as pointed out, by appellant, that it is the duty of a pedestrian traveling in or crossing a public street to use ordinary care for his personal safety and to reasonably exercise the faculties with which he is endowed by his Creator for self-protection (*Dunn* v. *Wagner,* 22 Cal. App.2d 51, 54 [70 P.2d 498]). ██ Further, in *Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990], it was held that ''It is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist'' (and must be anticipated by the pedestrian).

But we are not here concerned with a minor defect. The slab of sidewalk on which plaintiff fell was raised 6 inches at one side of the walk and 3 to 4 inches at the point where she stumbled. At the same time, the fact that such defect was visible for 50 to 75 feet is not conclusive that the plaintiff was bound to observe it in the exercise of ordinary care. On the contrary, it could as well be reasonably argued that a pedestrian who looks down a vista of sidewalk for a hundred feet or so and perceives no obstruction might well be held to have exercised the care of an ordinary prudent person if he continues in his path without further particular observation of the walk. So here, plaintiff may have paid no further attention to the condition of the walk after observing it from a point where the defect was not readily perceptible, and yet it is not for an appellate court to hold as a matter of law that she was guilty of negligence. The unmistakable trend of the decisions, and rightly so, is that the cases in which it may be held that the plaintiff was guilty of contributory negligence as a matter of law are rare. As was said in *Kirk* v. *Los Angeles Ry. Corp.,* 26 Cal.2d 833, 838 [161 P.2d 673, 164 A.L.R. 1.] (quoting from *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826]): ''But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.''

■ Appellant's contention that respondent was not entitled to the benefit of the 'plea of "momentary forgetfulness" is answered by what was said in the case of *Rosella* v. *Paxinos*, 110 Cal.App. 299, 302 [294 P. 39], and quoted with approval by the Supreme Court in *Gibson* v. *County of Mendocino*, 16 Cal.2d 80, 89 [105 P.2d 105]," . . . forgetfulness of a known danger will not always operate to prevent a recovery, for to forget is not negligence unless it shows want of ordinary care, the question being one for the jury . . . (Citing cases). . . ." As in the case last referred to, under all the circumstances present in the instant case, the question whether the conduct of respondent in walking with and talking to her friend amounted to contributory negligence was for the determination of the triers of fact, and it cannot be said as a matter of law that respondent's conduct as reflected in the record constituted contributory negligence.

From the foregoing it follows that the judgment should be, and it is, affirmed.

Doran, J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1952.