[Civ. No. 10330. First Appellate District, Division One.—July 16, 1937.]

HENRY DUNN et al., Respondents, v. FERDINAND WAGNER et al., Appellants.

M. M. Getz and Albert J. McGuire for Appellants.

Samuel T. Bush and Juliet Lowenthal for Respondents.

TYLER, P. J.—Action for damages for personal injuries. Plaintiffs are husband and wife and they alleged that the wife suffered the injuries complained of on account of the negligence of defendants in the construction and maintenance of a sidewalk fronting their property at the dividing line thereof from the sidewalk immediately to the north. The complaint alleges that plaintiff Lee Mae Dunn stepped on a high and sharp edge caused by a drop in the sidewalk, causing her to fall and become injured. The action was based upon two theories: First, that the said sidewalk as maintained by defendants constituted a public nuisance, and second, that the defendants negligently maintained the sloping sidewalk upon an angle greater than ordinarily or commonly permitted in the city and county of San Francisco, for their special accommodation, use and benefit, and the benefit of their tenants occupying their apartment house, and not for the use and benefit of the public. Defendants denied all the allegations and alleged that the sidewalk maintained by them in front of their property was in a first-class condition, and that the drop on the dividing line between their sidewalk and the sidewalk to the north thereof was caused by the latter being below the official grade. They also allege that the injured plaintiff was guilty of contributory negligence which

caused or contributed to the injury complained of. Upon the conclusion of plaintiffs' case defendants made a motion for a nonsuit on the grounds that there was no evidence of negligence on the part of the defendants, as the evidence showed without conflict that at the point where the accident was alleged to have occurred the sidewalk of defendants was only one-half an inch above grade, which it was claimed was not such a defect as to be actionable; that there was no showing that the sidewalk was specially constructed for the special use and benefit of defendants or their tenants, and on the further ground that the injured plaintiff was guilty of contributory negligence as a matter of law, which precluded a recovery on her part. The nonsuit was denied. The jury returned a verdict in favor of plaintiffs in the sum of $4,000. Motion for judgment in their favor notwithstanding the verdict was made by defendants and denied. We are of the opinion that both motions were improperly denied.

Testimony on the part of an engineer, plaintiffs' own witness, showed that the condition of the sidewalk fronting the property of the defendants was good; that it was better than ordinary construction for sidewalks, and the contractor who put it in had done a good job; that there was a rise in the sidewalk to meet the garage door, but it was customary to construct sidewalks in that manner in the city and county of San Francisco to prevent water entering the garages; that at a point ten and one-half feet in from the curb line the drop between the two sidewalks was one inch, and at this point defendants' sidewalk was one-half inch above grade and the sidewalk to the north thereof was one-half inch below grade, making a total drop between the two sidewalks of one inch. It was approximately at this point that plaintiff claimed she fell. Plaintiff testified that she was perfectly familiar with the condition of the sidewalks as she lived in the neighborhood and had observed the rise on numerous occasions before the accident. An inspector employed in the city engineer's office testified that after the accident he made an investigation of the two sidewalks and served notice on the abutting owner to repair his sidewalk; that the sidewalk in front of defendants' property was so nearly right and practically on the grade that he felt he would not be justified in serving them with a notice to reconstruct, and had not done so.

■ In our opinion the claimed defect was a trivial one and was insufficient to show negligence in the maintenance and construction of the sidewalk or that it was a public nuisance. This question has received extended consideration by our Supreme Court in the very recent case of *Whiting* v. *City of National City*, 9 Cal. (2d) 163 [69 Pac. (2d) 990], and need not be discussed here. It is there said that minor defects are bound to exist in sidewalks and where the defect is trivial no liability exists. Here the defect, if it was a defect, was visible and had existed for a long period of time and plaintiff herself knew of its existence, as above stated, and by the use of ordinary care could have avoided the accident. ■ It is the duty of a pedestrian traveling in or crossing a public street of a city to use ordinary care for his personal safety and to reasonably exercise the faculties with which he is endowed by nature for self-protection, and if he fails to do so and is injured by reason of such failure, he has himself to blame and cannot recover on account of said injury. (*Weihe* v. *Rathjen Mercantile Co.*, 34 Cal. App. 302 [167 Pac. 287]; *Kennedy* v. *Philadelphia*, 220 Pa. 273 [69 Atl. 748, 17 L. R. A. (N. S.) 194]; 13 Cal. Jur. 372, sec. 60.) Where he knows of the danger he must look out for it. (*Davis* v. *California St. C. R. R. Co.*, 105 Cal. 131 [38 Pac. 647]; *Mora* v. *Favilla*, 186 Cal. 199 [199 Pac. 17].) Moreover, defendants' sidewalk at the point where the accident occurred was for all purposes practically on grade.

■ Nor is there any evidence in the record to show that the sidewalk was constructed for the special use and benefit of the defendants, and not for the use and benefit of the public. The slight slope was for the purpose of drainage, and the evidence shows it is customary to construct sidewalks in this manner in San Francisco. Under all these circumstances the evidence is in our opinion insufficient as a matter of law to show that the sidewalk in question was constructed for the special use and benefit of the defendants and their tenants and not for the benefit of the public so as to bring the case within the rule that where it is maintained for the sole and exclusive benefit of the property owner a duty is cast upon him to keep it in repair.

Complaint is made of the court's refusal to give certain instructions. As we are of the opinion that the evidence is

insufficient as a matter of law to support the verdict or judgment, a discussion of the instructions becomes unnecessary. For the reasons given, the judgment is reversed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court, on September 13, 1937.