238 P.2d 1107

**BUCHANAN v. GREEN et al.**

No. 5385.

Supreme Court of Arizona.

Dec. 24, 1951.

Baker & Whitney, of Phoenix, for appellant.

Moore & Romley, and Wm. P. Mahoney, Jr., all of Phoenix, for appellees.

UDALL, Chief Justice.

This appeal involves a suit between the bailor (plaintiffs) and the bailee (defendant) on the alleged negligence of the defendant which resulted in the theft of the plaintiffs' automobile. It was tried before a jury who returned a verdict for the plaintiffs and assessed the damages at the cost of repairing the automobile plus an additional amount for the loss of use of the car.

The sole question presented is whether the trial court erred in admitting evidence as to the number of cars that had been missing from the defendant's parking lot during the previous year.

The material facts are as follows: Plaintiffs (appellees) are a partnership consisting of Keith Green and Richard Batchelor, d. b. a. B. & G. Sales Company. On October 20, 1948, they owned a 1941 model Chevrolet sedan and around 9 a. m. of that day, Mr. Green parked it with the defendant (appellant, H. R. Buchanan) and received a claim ticket. The defendant operates the Sun Juce Auto Park located at Washington and First streets in the city of Phoenix, Arizona. Mr. Green returned to the parking lot about 9:30 p. m. of the same day for the car, but found the lot was dark, no parking attendant on duty, and the car missing. He reported it to the police and two days later the car was found abandoned at Bumblebee, Yavapai county, Arizona, in a badly damaged condition.

During the cross-examination of the defendant, counsel asked a series of questions as to how many other cars had been missing from the lot during the year previous to October 20, 1948, to which the defendant over appropriate objection, finally answered "three". Plaintiffs contend that this line of questioning was admissible not on the issue of negligence but for the purpose of showing that defendant had notice or knowledge of the dangerous condition that existed prior to this occurrence. He relies upon the annotation in 128 A.L.R. 595 and the rule as stated in 20 Am.Jur., Evidence, section 304, as follows: "Other Accidents and Injuries. * * * It is recognized in numerous cases that for certain purposes, at least, evidence of other similar accidents or injuries at or near the same place or by the use of the same appliance suffered by persons other than the plaintiff and in other and different times, not too remote in point of time from the particular occurrence, is admissible. Evidence of prior similar accidents, when admissible, is generally admissible for the following purposes only: (1) To show the existence of a defective or dangerous condition or appliance and the dangerous character of the place of injury or of the machine or the appliance, and (2) to show the defendant's notice or knowledge thereof."

See also 32 C.J.S., Evidence, § 579, et seq.

In Clark v. Burns Hammam Baths, 71 Cal.App. 571, 236 P. 152, the plaintiff deposited money and jewelry with the defendant who operated a bathhouse, and the property was stolen. Defendant offered evidence, which was excluded, that no one else during the year preceding had suffered any loss under his system. The court held that this testimony was immaterial and inadmissible. In Fox Tucson Theatres Corp. v. Lindsey, 47 Ariz. 388, 56 P.2d 183, this court held that evidence was not admissible

by the defendant to show freedom from previous accidents. It is the reverse of the rule which the plaintiff in the instant case would have us adopt.

We think in a proper case evidence would be admissible for the purposes outlined in the quoted section from Am. Jur. However, it will be noted in analyzing the rule as quoted that it is applied only to those cases involving accidents or injuries arising from a dangerous condition of the premises or from the use of defective or dangerous appliances. Counsel have cited no authorities squarely in point, and after having made a thorough and independent search we are unable to find a case similar to the instant one where this type of evidence was held admissible. The authorities limit the application of the rule to the above situations, which we think is proper, and we believe that it should not be extended to cover a factual situation such as this. We hold, therefore, the trial court erred in admitting this prejudicial evidence. It is unrealistic to urge that this might not have influenced the jury in arriving at its verdict, as it was wholly irrelevant and doubtless tended to draw the minds of the jury from the real point in issue.

The judgment is reversed with directions to grant a new trial.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.