[Civ. No. 17128. First Dist., Div. Two. Apr. 10, 1957.]

LEONE BECK, Respondent, v. CITY OF PALO ALTO, Appellant.

Robert E. Michalski, City Attorney (Palo Alto), for Appellant.

Lakin, Spears & Gullixson for Respondent.

STONE, J. pro tem.*—Respondent commenced this action seeking damages for injuries suffered when she slipped and fell on a sidewalk. Plaintiff lived in Palo Alto, on Hale Street,

*Assigned by Chairman of Judicial Council.

within a few blocks of the scene of the accident. On September 22, 1953, she went to the tailor shop at 144 Willow Road. On her return home about 4 p. m. she proceeded along Palo Alto Avenue from Middlefield toward Fulton. She walked on the right-hand side of the sidewalk, the side toward the houses. The sun was shining, the walk was dry. In front of the premises at 750 Palo Alto Avenue she tripped over a raised portion of the sidewalk and fell, striking her knee. She testified that she had looked for 25 to 50 feet ahead as she walked and had seen no defect in the sidewalk. At that point, the sidewalk curves.

B. L. Gould testified that he moved to 750 Palo Alto Avenue in September, 1952. Within two months his 2-year-old daughter, who could walk, but was wobbly, fell over the defect. At that time he first noticed the defect. He testified the break in the sidewalk had not changed in the 10 months before plaintiff's accident. He estimated the deviation was at least an inch, although he never measured it. He did not report the break in the sidewalk to the city. He called the city engineer's office on August 25, 1953, to advise him that the street sweeper was missing the gutter in front of his house. Irwin Johnson, Assistant City Engineer, testified that one of his duties was to repair and supervise the examination of sidewalks in Palo Alto. The city provides its own utility services, thus, a city meter reader enters each of the premises at least once a month. Each meter reader is instructed to report defective sidewalks. Prior to September 22, 1953, no report of a defect at the scene of the accident was received.

Johnson testified that the engineer's office also conducted tree-planting functions. On August 25, 1953, he received a complaint from B. L. Gould that the street sweeper continually skipped the Palo Alto Avenue side of the corner. He told one Carl Stevenson to investigate, and Stevenson reported back that there were two large pepper trees. On September 4, 1953, Johnson went to 750 Palo Alto Avenue to examine the two pepper trees at the premises. He examined the one pepper tree adjacent to where plaintiff was injured. Two branches were removed from the tree to allow the street sweeper to sweep cleanly around the corner. Johnson stood on the sidewalk as he examined the pepper tree, but he did not see any rise in the vicinity of the pepper tree. By city standards, a "repairable hazard" is an elevation over one-half to three-quarters of an inch elevation. He did not see any such elevation. He testified that the break's elevation was then less

than three-quarters of an inch. At most, it requires a week to send a repair crew to such a place.

Johnson testified that by measurement he found that the maximum elevation of the break in that portion of the sidewalk nearest the building on October 4 or 5, 1953 was one and one-eighth inches. B. L. Gould testified that he estimated the elevation to be at least one inch at all times. John Beck, plaintiff's husband, testified that he measured the break on September 23, 1953, and found the elevation to be one and seven-eighths inches on the property side.

The trial court, sitting without a jury, found for the plaintiff. From this judgment, defendant appeals.

Liability in this case is predicated upon what is commonly known as the Public Liability Act. It is now embodied in the Government Code beginning with section 53051, and specifies that liability of a municipality is predicated upon there being a defective condition which is dangerous, and notice to or knowledge by the municipality of the condition. Appellant challenges the finding of the trial court as to both issues, alleging that the condition was trivial and that the city had no notice of the condition. Appellant asks this court to review the evidence on both issues, making no distinction between the question of notice and the question of whether the defect was trivial.

The question of whether the defect was trivial or not is reviewed by the appellate court without regard to the finding of the trial court. It is a redetermination of the issue from the record (*Barrett* v. *City of Claremont*, 41 Cal. 2d 70 [256 P.2d 977]; *Whiting* v. *City of National City*, 9 Cal.2d 163 [69 P.2d 990]; *Ness* v. *City of San Diego*, 144 Cal.App.2d 668 [301 P.2d 410]). This rule does not apply to the question of notice and a review of the trial court's findings as to actual notice. There was a conflict in the evidence in this case and the trial court apparently disbelieved the city engineer. The classical rule prevails that if there is substantial evidence to support the finding, it will not be reversed by a reviewing court (*Casper* v. *City of Los Angeles*, 140 Cal.App.2d 433, p. 438 [295 P.2d 452]). There was ample evidence to sustain the finding of the trial court as to notice of condition of the sidewalk. The record indicates the city of Palo Alto had notice of the condition as it existed whether it was dangerous or not.

A review of the question of whether or not the defect was trivial comes within the rule enunuciated in *Bar-*

*rett* v. *City of Claremont, supra,* at page 73 as follows: "The plaintiff contends that, in any event, the question of whether the defect was trivial or substantial is one of fact, which the jury has resolved in her favor. But, as was said in *Whiting* v. *City of National City, supra,* '[i]t is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. ■ A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby. What constitutes a minor defect is not always a mere question of fact. If the rule were otherwise the city could be held liable upon a showing of a trivial defect.' (p. 165.)"

The defect here was caused by one slab of concrete sidewalk being pushed higher than the next contiguous slab apparently by the root or roots of a pepper tree. The respondent's husband testified he measured the elevation at the point where the two sections of concrete met and found it to be one and five-eighths inches in the center of the sidewalk, and one and seven-eighths inches at the property side. The city engineer testified he measured the difference in elevations and found them to be one and one-eighth inches on the property side tapering to one-fourth of an inch at the street side. The property owner estimated the difference to be about one inch. The courts have held a defect in a sidewalk to be trivial as a matter of law when the difference in elevations was: one and one-half inches in *Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725]; one inch in the case of *Dunn* v. *Wagner,* 22 Cal.App.2d 51 [70 P.2d 498]; seven-eighths of an inch in *Ness* v. *City of San Diego, supra;* and three-fourths of an inch in the case of *Whiting* v. *City of National City, supra.*

■ The size of the defect is only one circumstances to be considered, as no court has fixed an arbitrary measurement in inches below which a defect is trivial as a matter of law and above which it becomes a question of fact whether or not the defect is dangerous. All of the circumstances surrounding the condition must be considered in the light of the facts of the particular case. ■ In the instant case the difference in elevations of the sidewalk was in a residential area at the edge of the city. There was nothing to hide the defect or obstruct the view of one approaching it.

The respondent tripped over it in broad daylight. She testified nothing distracted her attention as she approached the point where she tripped and fell. The case comes within the line of decisions holding a city is not liable for a defect under such conditions (see *Ness* v. *City of San Diego, supra; Whiting* v. *City of National City, supra; Dunn* v. *Wagner, supra; Nicholson* v. *City of Los Angeles, supra; Barrett* v. *City of Claremont, supra*).

The judgment is reversed.

Kaufman, P. J., and Dooling, J., concurred.