[Civ. No. 17901.   First Dist., Div. Two.   Oct. 29, 1958.]

BETTY ADAMS, Respondent, v. CITY OF SAN JOSE,
Appellant.

Ferdinand P. Palla, City Attorney, Jensen, Zavlaris & Pestarino and Elmer D. Jensen, for Appellant.

Johnson, Thorne, Speed & Bamford and John E. Thorne for Respondent.

DRAPER, J.—This is an action for damages for personal injuries sustained in a fall assertedly caused by defects in a sidewalk of defendant city. Jury verdict was for plaintiff, and defendant appeals from judgment entered upon that verdict.

The court admitted in evidence three photographs of the sidewalk area at the scene of the accident. They were identified by an employee of the parking lot which immediately adjoined the sidewalk. The owners of that lot were joined as defendants in this action. Although their motion for non-suit was later granted, they were parties at this time and their employee was called as an adverse witness. (Code Civ. Proc., § 2055.) He identified the photographs as fairly representing the area where the accident occurred although, on voir dire, he testified that he did not remember whether they accurately showed the condition of the sidewalk as it had been on the day of the accident. Upon his testimony, and over appellant's objections, the photographs were admitted. The photographer did not testify and there was no evidence of the date the pictures were taken. Appellant assigns these rulings as error, contending that no adequate foundation was laid.

The testimony of the photographer is not necessary to establish admissibility of a photograph. (*People* v. *Doggett*, 83 Cal.App.2d 405, 409 [188 P.2d 792].) All that is required is testimony that the photograph is a correct representation of the objects it portrays. (*Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195, 201-202 [215 P. 675] ; see also *Diller* v. *Northern Cal. Power Co.*, 162 Cal. 531, 538 [123 P. 359, Ann. Cas. 1913D 908] ; 18 Cal.Jur.2d 705-707.) Whether a photograph accurately represents an object or scene is primarily a question for the trial court, and its ruling will be

668

sustained unless an abuse of discretion is apparent. (*Olson* v. *Meacham,* 129 Cal.App. 670, 673 [19 P.2d 527]; *Hayes* v. *Emerson,* 110 Cal.App. 470, 473 [294 P. 765].) No such abuse appears here, and the trial court's ruling that the photographs accurately show the scene of the accident is accepted by us. ▉ Evidence of this scene was relevant. (*Barone* v. *Jones,* 77 Cal.App.2d 656, 660 [176 P.2d 392, 177 P.2d 30].)

Appellant contends that the evidence is insufficient to sustain the verdict, arguing that it shows the sidewalk defect to be but minor or trivial, and thus not actionable. The only evidence relating in any way to the extent or nature of the defect consists of the testimony of plaintiff, that of the parking lot attendant, and the above photographs. Plaintiff testified "I stubbed my toe on a bad place in the sidewalk and I went down," and stated that the photographs showed the place in the sidewalk where she caught her foot. The parking lot attendant testified that there was "a little eruption" in the sidewalk. ▉ As to the photographs, we have pointed out that before their admission the attendant said he could not remember the condition of the sidewalk on the day of the accident, two years before trial, sufficiently to state whether the pictures accurately represent that condition. However, following admission of the photos, he testified that the sidewalk had been in the condition shown by them for about a year before the accident. Appellant relies upon the witness' testimony that he did not remember the condition of the sidewalk as showing that the later testimony is not reliable. However, the statements as to his lack of memory present only a conflict with the testimony last referred to. ▉ Under the well-established rule, conflicts in the testimony are to be resolved by the trier of the fact, rather than by an appellate court. When the photographs were admitted, the judge pointed out that the weight to be given them was "up to the jury." ▉ The jury's implied finding is that the photographs accurately portray the sidewalk at the date of the accident, and we have no occasion to disturb that finding.

Appellant, however, contends that even if the photographs were properly before the court, the evidence is insufficient to support the verdict.

▉ To sustain the verdict, the evidence must show (a) that the injury resulted from a dangerous or defective condition of the sidewalk, (b) which was known to defendant and

(c) which defendant did not repair within a reasonable time after acquiring knowledge thereof. (Gov. Code, § 53051.) Here there was no express notice to the city of any defective condition of the walk. ▮ However, a city may be charged with constructive notice if the condition has existed for some time, and is sufficiently conspicuous to have been discovered by reasonable inspection. (*Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 427 [260 P.2d 55].) ▮ Of course, where the defect is minor, constructive notice does not follow from its existence over a period of time. (*Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725].) Nor does a minor or trivial defect amount to a dangerous or defective condition within the meaning of the statute. (*Whiting* v. *City of National City,* 9 Cal.2d 163, 165 [69 P.2d 990].)

▮ Whether a given condition is dangerous or defective is normally a question of fact (*George* v. *City of Los Angeles,* 11 Cal.2d 303, 308 [79 P.2d 723]), as is the question whether the condition was such as to impart constructive notice (*Van Dorn* v. *City & County of San Francisco,* 103 Cal.App.2d 714, 717 [230 P.2d 393] ; *Hook* v. *City of Sacramento,* 118 Cal.App. 547 [5 P.2d 643]). ▮ If these issues are treated as questions of fact, our sole function as an appellate court is to determine whether there is some substantial evidence to support the verdict upon such issues. (4 Cal.Jur.2d 482.) In this determination, we must accept the evidence most favorable to respondent, together with every reasonable inference which may be drawn therefrom. (4 Cal.Jur.2d 487.) Upon careful study of the photographs (particularly defendant's Exh. 3) in the light of these rules, we are satisfied that there is sufficient evidence to support the verdict.

▮ Appellant, however, suggests that these issues present questions of law, to be determined by this court. It is true that what constitutes a minor defect "is not always a mere question of fact." (*Whiting* v. *City of National City, supra,* 9 Cal.2d 163, 165.) A like rule has been applied in determining whether the defect is sufficiently conspicuous to charge the city with constructive notice. (*Barrett* v. *City of Claremont,* 41 Cal.2d 70 [256 P.2d 977] ; *Nicholson* v. *City of Los Angeles, supra,* 5 Cal.2d 361.) However, treating the question as one of law, to be reviewed by the appellate court without regard to the finding of the trial court (*Beck* v. *City of Palo Alto,* 150 Cal.App.2d 39, 42 [309 P.2d 125]), our study of the photographs here precludes our determining that the defect

was not dangerous or that it was not sufficient to give the city constructive notice. (*Peters* v. *City & County of San Francisco, supra,* 41 Cal.2d 419.)

Appellant cites decisions in which defects of less than specified depths have been held minor (see cases collected in *Beck* v. *City of Palo Alto, supra,* 150 Cal.App.2d 39, 43). Here, however, there is no testimony as to the dimensions of the sidewalk defect. Thus we cannot apply the rules of those decisions. We have before us only the photographs. As we have pointed out, our study of them leads us to the conclusion that the jury's verdict cannot be disturbed upon this appeal.

Appellant also argues that there is no evidence to show the existence of the defect for a period sufficient to charge the city with constructive notice. This contention overlooks the testimony of the parking lot attendant that the sidewalk had been in the same condition as shown in the photographs "for about a year" before the accident.

Whether viewed as a question of fact or of law, the evidence is sufficient to sustain the verdict.

Judgment affirmed.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.