353 P.2d 890

**SLOW DEVELOPMENT COMPANY, an Arizona corporation; and Hotel Desert Hills, an Arizona corporation, Appellants,**

**v.**

**Harold B. COULTER and Willa G. Coulter, his wife, Appellees.**

No. 6503.

Supreme Court of Arizona.

June 29, 1960.

**124**

Struckmeyer, Whitney & Perry, Phoenix, for appellants.

Shimmel, Hill, Cavanagh & Kleindienst, Phoenix, for appellees.

JOHNSON, Justice.

This is an action brought by Willa G. Coulter and her husband, as plaintiffs, against the defendants Slow Development Company, a corporation, and Hotel Desert Hills, a corporation, to recover for personal injuries sustained by Willa G. Coulter from slipping on a wet cement walk on the hotel premises. The jury returned a verdict for the plaintiffs in the sum of $25,000 and from the judgment entered thereon the defendants appeal.

On the afternoon of February 6, 1956, the plaintiffs registered as guests at the Desert Hills Hotel, owned and operated by the defendants in Phoenix, Arizona. It was raining at the time plaintiffs registered at the hotel. In order to reach the room they were assigned to on the second floor it was necessary to walk across a grass patio and a walkway of simulated flagstone until they reached the foot of the stairs where there was a waxed green cement floor. Plaintiffs remained in their room until early evening and decided to have dinner in the Hotel. While it was raining, they walked down the stairway they had used to get to their room and when plaintiff Willa G. Coulter reached the bottom of the stairs, she slipped upon the wet cement walk and fell, sustaining serious and permanent injuries.

### I. Admissibility of Evidence of previous accidents.

Defendants first assert the trial court erred in receiving evidence of similar prior accidents as testified to by witness Burke for the reason that the other accidents did not occur under similar conditions.

Burke testified that he had been employed as a bell man for the defendants prior to and at the time plaintiff fell and was injured. The witness described the floor on the bottom story of the building where the plaintiff fell as green cement which had been "buffed" with some type of wax and that it was slippery when wet. That he observed the plaintiff on the floor after she had fallen, and that it had rained causing the floor to become wet and slippery. The condition of the floor at that time was described as "It got wet and slippery when it rained in on it. You would step on it, it would be slippery. It was kind of like ice. You step on it and you go if you were unaware."

The witness further testified that on two occasions prior to the fall of the plaintiff he had slipped and fallen on the same waxed cement floor when it was wet. That his falls were not at the same location as the fall of plaintiff, but the condition of the floor was substantially the same as the place where plaintiff was injured. Burke thereafter reported to a Mr. Nelson (general manager of all of defendant's hotels and restaurants) that he had slipped and fallen on the wet cement floor on the bottom story of the premises.

The applicable general rule is well established that evidence of other similar accidents at or near the place suffered by persons other than the plaintiff, at different times, not too remote in point of time, is admissible. Buchanan v. Green, 73 Ariz. 159, 238 P.2d 1107; Westman v. Clifton's Brookdale, Inc., 89 Cal.App.2d 307, 200 P.2d 814; Gilbert v. Pessin Grocery Company, 132 Cal.App.2d 212, 282 P.2d 148; 20 Am.Jur., Evidence, Section 304; Annotation 70 A.L.R.2d 167. Such evidence is admissible, after a proper foundation has been laid, as tending to prove the existence of a defective or dangerous condition, knowledge or notice of the dangerous condition or negligence in permitting that condition to continue. However, as stated in Gilbert v. Pessin Grocery Company, supra, [132 Cal.App.2d 212, 282 P.2d 154]

> " * * * it is not necessary that the proffered evidence of previous accidents be probative in all those respects. If it fairly raises an inference upon one phase of the case it is admissible. * * * "

It is also well settled that in order to permit the admission of testimony of previous accidents it must first be shown that the conditions under which the alleged previous accidents occurred were the same or

substantially similar to the one in question; however, it is not necessary that it be shown that such accidents occurred under circumstances precisely the same as those surrounding the accident in question, but it is sufficient that they are similar in their general character. Dragash v. Western Pacific Railroad Company, 161 Cal.App.2d 233, 326 P.2d 649; Laird v. T. W. Mather, Inc., 51 Cal.2d 210, 331 P.2d 617; Magnuson v. City of Stockton, 116 Cal.App. 532, 3 P.2d 30.

In the case at bar witness Burke testified distinctly and positively that the condition of the floor where his accidents occurred was substantially similar to the floor where plaintiff sustained her injuries and we therefore hold that a proper foundation was shown and the trial court properly admitted the testimony of such witness into evidence.

## II. Cross-examination of Managing Agent.

It is contended on behalf of the defendants that the trial court erred in permitting the plaintiff to call a certain employee of the defendants as her witness under Rule 43(g), Rules of Civil Procedure, 16 A.R.S., which authorizes a party to call "an adverse party or an officer, director, or managing agent of a public or private corporation * * * which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party * * *." Plaintiff called Joseph Childers who testified that he was manager of the Desert Hills Hotel at the time plaintiff received her injuries. That he had charge of the hotel operation and as he stated:

"A. The employees and seeing that things run well, yes."

He further testified as follows:

"Q. Mr. Childers, I believe I asked you your duties down there at the motel. What are your duties as manager of the motel? A. I hire the bellboys. I have nothing to do with the maids. The housekeeper handles that department. She is more or less answerable to Mr. Nelson, but we work together.

\* \* \* \* \* \*

"Q. Are you in charge of the premises down there, the swimming pool, the buildings? Is that under your jurisdiction? A. In which respect sir? In regard to maintenance and things of that type?

"Q. Under your operation in the hotel business? A. Yes, it is my duty to see that things run right."

It further appears from the record that the witness, while not having the authority to hire or fire the engineer of the building did have the authority of directing the engineer in the performance of his duties.

We quoted with approval in City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411, decisions construing the term "managing agent" to be: (1) a person invested with general powers to exercise his judgment and discretion in dealing with corporate matters; (2) a person who could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer; and (3) a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties. We think the evidence is clear that witness Childers comes within the above definition of a managing agent, as he had the management of a part of the defendants' hotel and had the right to exercise independent judgment and control in the operation of the hotel on behalf of the defendant corporations. There is no merit to this assignment.

### III. Admissibility of evidence of corrective measures.

Defendants next contend the trial court erred in admitting evidence of certain abrasive strips placed on the waxed cement floor subsequent to plaintiff's fall.

Defendants called as an expert a chemical engineer from the Arizona Testing Laboratories, who testified he had made certain tests to determine the slipperiness of the floor at the foot of a flight of steps in the area where the plaintiff fell. Further, according to defendant's manager, the floor was in the same condition on November 19, 1956, when the test was made, as it was on February 6, 1956, when the plaintiff fell. The witness with this foundation was permitted to testify to his findings as to the coefficient of friction test made on the floor and such findings were to the effect that the wet cement was not slippery on February 6, 1956, and did not cause the plaintiff's fall. The plaintiff in rebuttal introduced evidence showing a changed condition of the floor in that, after the accident, abrasive strips had been placed upon the floor when the test was made.

We are in accord with the general rule which is supported by the great weight of authority that evidence of repairs or alterations or of precautions taken after an accident is not admissible either to prove negligence or as an admission of negligence. See, Annotation 170 A.L.R. 7, and 64 A.L.R.2d 1296. However, one of the exceptions to this general rule is recognized in circumstances where evidence of subsequent repairs or of precautions taken, may properly be admitted when it tends to impeach the testimony of a witness. 170 A.L.R. 36; 64 A.L.R.2d 1305; Daggett v. Atchison, T. & S. F. Ry. Co., 48 Cal.2d 655, 313 P.2d 557, 64 A.L.R.2d 1283; Hatfield v. Levy Brothers, 18 Cal.2d 798, 117 P.2d 841. In the case at bar we believe this evidence was properly admitted by the trial court as an

exception to the general rule, for the reason the expert witness had testified that if the abrasive substance was in the area where the plaintiff fell, then the test had not been held there. The evidence offered by the plaintiff showed that the abrasive substance was in the area where plaintiff sustained her injuries and would tend to impeach the testimony of the expert as to where the test had been performed.

### IV. Admissibility of Evidence of Colored Pictures.

Defendants next contend the trial court erred in admitting in evidence a colored drawing prepared by a medical artist, (marked Exhibit "O") which had been copied from X-rays showing the fracture sustained by plaintiff, for the reason that such exhibit constituted hearsay evidence, was not the best evidence and served only to prejudice the jury.

Plaintiff offered in evidence Exhibit O, with this preliminary foundation as to its admissibility:

"Q. Doctor Sussman, I will show you what is marked Plaintiff's Exhibit O for identification and ask you if you can look at that and compare it with your X-rays and tell whether it is an accurate reproduction of what an X-ray looks like to a trained eye or a doctor? A. Yes.

"Q. Is it? A. Yes.

"Q. Does this help you and aid you in telling the jury what the Smith-Petersen nail looks like, what the fracture looks like, what the comminution looks like, and what the guide wire would look like in the operation of fixing the head of a femur? A. I think it would help.

\* \* \* \* \* \*

"Q. Could you come over here, please? Would you explain, sir, what this general picture is on the left of plaintiffs' Exhibit O in evidence? A. This picture is comparable to the structures that were demonstrated on this X-ray (indicating).

\* \* \* \* \* \*

"Q. And you can see it more readily or you can explain it to the jury better from Plaintiffs' Exhibit O, is that correct, sir? A. Yes, I can explain it more easily.

\* \* \* \* \* \*

"Q. \* \* \* Doctor, is this an accurate reproduction of the X-ray of that woman's hip, Mrs. Coulter's hip and pelvic area that you X-rayed?

"The Witness: Yes.

\* \* \* \* \* \*

"The Witness: Of the X-rays that you showed me."

■ We believe that the general rule as to the admissibility of photographs of a

scene of an accident as stated by this Court in Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319, 321, is applicable to the admission of the exhibit in the case at bar. In the Humphrey case we said:

" * * * if a photograph be a substantially correct reproduction of the scene of the accident, and if it will aid the jury in understanding the testimony, it should be admitted, and that its admissibility, both so far as it is in fact a true reproduction of the scene and whether it is practically instructive to the jury, is a preliminary question to be determined by the trial judge, who is invested with considerable discretion in the matter, and his action will ordinarily be sustained by the appellate court."

 In the instant case the doctor testified Exhibit O was an accurate reproduction of the X-rays taken of the plaintiff's injured area and there is no evidence tending to show otherwise; further the doctor stated he could better illustrate his testimony to the jury by the use of the exhibit. The trial court properly admitted the colored reproduced picture into evidence, as it was relevant to the issue in dispute and served a useful purpose in assisting the doctor in describing the injuries of the plaintiff and as an appropriate aid to the jury in understanding and determining the facts. 

We see no error in allowing witnesses to use colored drawings where they accurately portray anything which is competent for such witness to describe in words, or where they are helpful as an aid to a verbal description of objects and conditions, provided they are relevant to some material issue and there is preliminary proof that it is a correct representation of its subject. Metcalfe v. Winchester, 72 Wyo. 142, 262 P.2d 404; Knox v. City of Granite Falls, 245 Minn. 11, 72 N.W.2d 67, 53 A.L.R.2d 1091; Moeller v. Hauser, 237 Minn. 368, 54 N.W.2d 639, 57 A.L.R.2d 364 and Scott on Photographic Evidence, Section 602. We believe that the practice of admitting colored drawings such as involved in the instant case, where a proper foundation has been made, is to be encouraged as an aid to the better understanding of the facts by the jury and such graphic exhibits in most instances gives the jury a clearer picture of the facts than can be obtained from the testimony of witnesses.

 Defendants also complain because the person who had prepared the exhibit was not identified or called as a witness. The testimony of the artist or person preparing the colored picture was not necessary to establish its admissibility. Adams v. City of San Jose, 164 Cal.App.2d 665, 330 P.2d 840; People v. Doggett, 83 Cal.App.2d 405, 188 P.2d 792. All that is required is that it be shown in some way that the pic-

**130**

ture does correctly depict what it purports to show and such a showing may be made by anyone who knows that the picture correctly depicts what it purports to reproduce. Adams v. City of San Jose, supra; Kellerher v. Porter, 29 Wash.2d 650, 189 P.2d 223; Pilgeram v. Haas, 118 Mont. 431, 167 P.2d 339; 32 C.J.S. Evidence § 715. This test was fully met by the plaintiff.

Defendants finally contend it was error to permit the introduction of the deposition of the witness Dr. J. C. Hayward for the reason that there was no proper foundation showing that plaintiff exercised due diligence in securing the presence of such witness at the trial. We are satisfied from a reading of the record that a sufficient foundation was presented and showing made to comply with the requirements of Rule 26(d), Rules of Civil Procedure, and that the Court properly admitted the deposition in evidence.

Judgment affirmed.

PHELPS, BERNSTEIN and UDALL, JJ., and ROSS F. JONES, Superior Court Judge, concur.

STRUCKMEYER, C. J., having disqualified, the Honorable ROSS F. JONES, Judge of the Superior Court, Maricopa County, was called to sit in his stead and participated in the determination of this appeal.