**Laureeta D. STEVENS, Plaintiff, Appellant,**

**v.**

**CONSOLIDATED MUTUAL INSURANCE COMPANY, Defendant, Appellee.**

**CONSOLIDATED MUTUAL INSURANCE COMPANY, Defendant, Appellant,**

**v.**

**Laureeta D. STEVENS, Plaintiff, Appellee.**

**Nos. 6446, 6454.**

United States Court of Appeals First Circuit.

Nov. 3, 1965.

---

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for Laureeta D. Stevens.

Walter J. Hurley, Boston, Mass., with whom Hurley & Dwyer, Boston, Mass., was on brief, for Consolidated Mut. Ins. Co.

Before ALDRICH, Chief Judge, Mc-ENTEE, Circuit Judge, and CAFFREY, District Judge.

CAFFREY, District Judge.

These cases involve cross-appeals from a judgment entered upon a jury verdict in the court below. The parties will be referred to in this opinion in the capacity they had in the court below as plaintiff and defendant.* In No. 6454 defendant

---

* Pursuant to Title 26, Section 2003, Laws of Puerto Rico, a so-called "direct action" statute, defendant was sued because of the alleged negligence of employees of the hotel it insured under a public liability policy.

appeals from the denial of its motion for a new trial. In No. 6446 plaintiff appeals from an order of the district court granting a motion for new trial conditioned upon a *remittitur.*

The facts which gave rise to the case are these: Plaintiff, a widow, checked into the Hotel El San Juan, San Juan, Puerto Rico, on June 7, 1962. The following morning she went wading in the ocean for a brief period and then decided to change into a bathing suit and go swimming. She went into the cabana-dressingroom area of the hotel, changed into a bathing suit, found that she was unable to lock her clothes in a locker, and headed toward the cabana office carrying her street clothes, sandals, and pocketbook, for the purpose of obtaining a key to the locker. As she stepped barefooted off a rubber mat located in front of the ladies' lockers, walking toward an area in front of the cabanas, she slipped on the wet floor and fell, suffering a fracture of the head of the right femur. A jury trial resulted in a verdict in her favor.

■ The principal ground for reversal relied on by defendant is the admission into evidence over timely objection by counsel for defendant of testimony that after the accident the management of the hotel placed protective rubber mats over the area where plaintff slipped and fell. It is well-established that evidence of subsequent repairs is not admissible to prove that the premises were negligently maintained or in a defective condition at the time of the accident, nor as evidence of the negligent failure to have the repairs made or to have the condition of the premises changed prior to the accident. Northwest Airlines, Inc. v. Glenn L. Martin Co., 6 Cir. 1955, 224 F.2d 120, 50 A.L.R.2d 882. Such evidence does become admissible when relevant to certain other issues if its use is limited to those other issues. For example, if there is an issue as to ownership or control of the premises where an accident took place, the fact that defendant subsequently performed or directed the performing of repairs is admissible on the issue of

defendant's ownership or control. Parsons v. Blount Brothers Construction Company, 6 Cir. 1960, 281 F.2d 414; Sanderson v. Berkshire-Hathaway, Inc., 2 Cir. 1957, 245 F.2d 931; Perkins v. Rice, 187 Mass. 28, 72 N.E. 323 (1904). Other situations in which such evidence is also admissible are collected at II Wigmore, Evidence, Sec. 283 (3d Ed. 1940). Plaintiff seeks to justify the admission of this evidence of post-accident placing of the mats by asserting that it was necessary for the impeachment of the witness Jose Oscar Flores Santiago (Flores), and there is authority for the use of this type of testimony for impeachment purposes. Slow Development Co. v. Coulter, 88 Ariz. 122, 353 P.2d 890 (1960); Leghart v. Montour Railroad Co., 395 Pa. 469, 150 A.2d 836 (1959).

■ It appears from the record that on cross-examination it was brought out from Flores that at the time of the accident there were no mats covering the place where plaintiff fell. The following then took place:

XQ. Did they put mats later on in that place?

Mr. Gonzalez: Objection. It is irrelevant and immaterial to the case what happened after the 8th of June.

Mr. Nachman: But not to the issue of this man's credibility.

The Court: Objection overruled.

A. Yes, they put some there.

The direct examination of Flores does not support plaintiff's contention that this evidence of post-accident changes was admissible to impeach him. On the contrary, the record shows that no part of his direct examination inquired into the placing of mats, the making of any change in the condition of the premises after the accident to plaintiff, or anything else which could possibly be considered to have opened the door to the use of this type of evidence for impeachment.

Plaintiff argues that the witness was asked this question for the purpose of impeaching his credibility through the use of a prior inconsistent statement. This is a total misconception of the prin-

ciple of attacking the witness' credibility. If the witness on the stand has testified to something contrary to his extra-judicial statement it may be appropriate to call this to the jury's attention. But it is entirely improper to seek to make a witness testify upon an incompetent subject in the purported hope of creating a contradiction which might, in turn, permit an attack on his credibility. See III Wigmore, Evidence, secs. 1020 et seq.

█ Plaintiff's improper backdoor purpose was made manifest during the summation to the jury. Disregarding the fact that the court had allowed this line of inquiry solely to test the witness' credibility, plaintiff then argued that this testimony was indicative of the defendant's negligence. Moreover, despite the fact that Flores' testimony on cross-examination, on the subject of placing mats, did not in fact contradict his extra-judicial statement, plaintiff's counsel read to the jury the portion of the statement which mentioned the subsequent placing of the mats. It would be difficult to find any clearer reasons for granting a new trial.

█ Against the possibility of a new trial it should be noted that the trial judge did not err in refusing to permit the testimony of the expert witness Jose Luis Casas, in light of the fact that his proffered testimony was to be based on blueprints showing the construction of the hotel's pool and cabana-locker area, and in light of the further fact that in answer to interrogatories filed less than a week before the trial the defendant denied the existence of any blueprints, diagrams, or drawings of this area. To have allowed the testimony of the expert on the basis of such documents would have caught plaintiff by surprise and the exclusion of the evidence of this witness was within the sound discretion of the trial judge. It should be further noted, however, that any possibility of surprise in the use of testimony based on these documents has now been totally dissipated by the lapse of time since the first trial, with the result that expert testimony based on these blueprints is no longer excludable on the grounds of surprise.

The appeal of plaintiff in No. 6446 is rendered moot by the disposition of defendant's appeal in No. 6454.

In No. 6454 the judgment of the district court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings consistent herewith. In No. 6446 the appeal is dismissed.