544 P.2d 1089

**Morris A. STROUD and Marjorie Stroud, husband and wife, Appellants,**

v.

**DORR–OLIVER, INC., a Delaware Corporation, E. L. Farmer Construction Company, Inc., an Arizona Corporation, Appellees and Appellants,**

v.

**ALLISON STEEL MANUFACTURING CO., a corporation, Appellee.**

No. 11735.

Supreme Court of Arizona,
In Division.

Jan. 16, 1976.

Langerman, Bergam & Lewis by Robert G. Begam, Samuel Langerman and William T. Keane, Phoenix, for appellants Stroud.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, Phoenix, for appellee and appellant Dorr-Oliver.

Maupin & Wilson by Donald R. Wilson and William G. Fairbourn, Phoenix, for appellee and appellant E. L. Farmer.

Robert K. Park, Chief Counsel, by J. Victor Stoffa, Phoenix, for State Compensation Fund, amicus curiae.

Moore & Romley by Kenneth J. Sherk and Roger T. Hargrove, Phoenix, for appellee Allison Steel.

CAMERON, Chief Justice.

This is a motion for rehearing brought by the plaintiff Stroud. In the opinion previously filed 13 November 1975 in this case, see *Stroud v. Dorr-Oliver v. Allison Steel*, Ariz., 542 P.2d 1102, we approved the admission of evidence concerning the second erection of the dome that had collapsed during the first erection and which caused the injury to the plaintiff, Morris A. Stroud.

In doing so we stated:

"On appeal attorney for appellant states:

'Over vigorous objection the trial court admitted evidence relating to the erection of a compression ring replacing the one which failed in the accident.'

"We have reviewed the record and we find no vigorous objection and in fact we find no objection at all.

"Even assuming that the evidence of the second erection was not within the exception to the general rule, that evidence of a repair or a second successful construction is not admissible to prove negligence of the original construction, see *Daggett v. Atchison, T. & S.F. Ry. Co.*, 48 Cal.2d 655, 313 P.2d 557, 64 A.L.R.2d 1283 (1957) and Annotation at 1296; *Slow Development Co. v. Coulter*, 88 Ariz. 122, 353 P.2d 890 (1960), we believe the plaintiff Stroud waived the right to bring this matter on appeal by failing to object in the trial court. Not only did Stroud not object when the question of the second successful erec-

tion arose, but his attorney further questioned the witness on redirect concerning this subject. We find no error."

Although the plaintiff did not point this out to the court in its briefs, in the motion for rehearing the plaintiff calls our attention to the fact that a motion in limine was filed before the trial court which reads in part as follows:

"The plaintiffs render the following motion in limine to exclude any evidence on certain collateral aspects of the above case which may arise during the course of this trial.

"The specific points in issue are as follows:

\* \* \* \* \* \*

"3. Allegations that the first compression ring was put up with inappropriate support, or that the second compression ring was erected in a manner in which a center support was employed during the entire erection process."

The motion was properly made and specific grounds in support of the motion were given to the court at the time the motion was made.

The court granted the motion as far as the opening statement was concerned but later allowed the evidence to be admitted. Later the court stated:

"The only ·ruling I have made in substance so far is simply this: That evidence of having rebuilt the thing in a different manner is not relevant to show it was built in the first instance negligently. If that evidence is offered for any other legitimate purpose at the trial, then it is admissible."

And:

"I am inclined based upon what I heard before the evidence is admissible I am going to withdraw my caution. You can proceed. If it is introduced to show first of all impeachment and secondly to explain to justify the proceeding under the second, in the installation of the second ring."

We have recently stated:

" \* \* \* A properly made motion in limine will preserve appellant's objection on appeal without need for further objection if it contains specific grounds for the objection. (citations omitted) We find that the motion in limine was properly made and specific in its grounds for objection." State v. Briggs, Ariz., 542 P.2d 804, 1975.

Appellant's objection is properly before us on appeal.

We believe, however, that this evidence was admissible under the impeachment exception:

"This court has held, however, that 'Although evidence of the character here in question may not be admissible to prove negligence at the time of the accident, it is proper to impeach the testimony of a witness. Inyo Chemical Co. v. City of Los Angeles, supra [5 Cal.2d 525, 55 P. 2d 850].' \* \* \*" Daggett v. Atchison, T. & S. F. Railway Co., 48 Cal.2d 655, 661, 313 P.2d 557, 561, 64 A.L.R.2d 1283, 1289 (1957).

And:

" \* \* \* one of the exceptions to this general rule is recognized in circumstances where evidence of subsequent repairs· or of precautions taken, may properly be admitted when it tends to impeach the testimony of a witness." Slow Development Co. v. Coulter, 88 Ariz. 122, 127, 353 P.2d 890, 893 (1960).

We believe the evidence was admissible for impeachment purposes. For example, Stroud's case against Farmer was based on the allegation that Farmer had failed to provide Allison with a proper set of drawings. Evidence that the project was completed using the same set of drawings would tend to rebut this allegation.

George Richardson, an employee of Allison, testified that he always used a crane such as the one used in the first erection with no problems. Ray Talamantes, the first witness called by the plaintiff, also an Allison employee, gave testimony on

cross-examination to the effect that a "false tower" was used during the second erection to support the compression ring until the erection procedure was completed and the structure stabilized. On redirect, Talamantes testified that Mr. Richardson, the Allison foreman, directed him to use the tower.

Richardson's testimony concerning the use of a false tower during the second erection was admissible as tending to impeach his earlier statements, from which the jury could have inferred that the universally accepted practice in erecting a dome is to support the structure by means of a crane which is removed midway through the procedure.

The petition for rehearing is denied.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.