479 P.2d 718

**PINAL COUNTY, a political subdivision of the State of Arizona, Appellant,**

v.

**Robert W. and Ann ADAMS, husband and wife, Appellees.**

**No. I CA–CIV 1290.**

Court of Appeals of Arizona, Division 1.

Jan. 25, 1971.

Paul W. Holloway and Jack M. Anderson, Phoenix, for appellant.

Lewis & Roca by Michael J. LaVelle, Phoenix, for appellees.

HOWARD, Judge.

The question involved in this case is the right of indemnification between tort-feasors.

William Bybee, Alma Lorton and Helen West were passengers in an automobile owned by Helen West and being driven by Robert Adams. The automobile was involved in an accident in which William Bybee and Alma Lorton were fatally injured and Helen West received extensive injuries.

Alma Lorton's estate sued Robert Adams, Helen West and Pinal County. All parties answered the Lorton complaint and Robert Adams and Helen West crossclaimed against Pinal County. Subsequently, all issues as to the Lorton complaint were settled by compromise and a judgment thereon.

An action was filed on behalf of the Bybee estate, which was eventually consolidated with the Lorton complaint, naming Robert Adams and Helen West as defendants. Robert Adams and Helen West answered the Bybee complaint and filed a third-party complaint against Pinal County. Pinal County answered the third-party complaint of Robert Adams and Helen West and included a counterclaim for indemnity against the third-party plaintiff, Robert Adams. Robert Adams then filed a reply to the counterclaim.

Pursuant to a compromise and settlement, a judgment was entered which required Pinal County to pay the sum of $9,000.00 to the Bybee estate. Further, pursuant to that settlement, all issues and claims were resolved except the third-party complaint of Robert Adams and Helen West against Pinal County and the counterclaim of the County against Robert Adams. Thereafter, Helen West's third-party complaint against Pinal County was settled and dismissed and the County was required to pay the sum of $22,000.00 to Helen West.

The remaining pleading to be tried was a third-party complaint of Robert Adams against Pinal County and a counterclaim

by said County against Robert Adams. Robert Adams did not seek to maintain the third-party complaint but the County sought to enforce its counterclaim alleging the right to indemnity against Robert Adams for the $22,000.00 paid to Helen West.

A trial on the counterclaim of Pinal County was heard by the court sitting without a jury. The County presented evidence to the court concerning its counterclaim and rested. Robert W. Adams thereupon moved for an involuntary dismissal of the County's claim. The court granted Adams' motion and dismissed the counterclaim of the County.

The evidence presented by Pinal County at trial reveals the following facts: At approximately 2:30 in the morning on October 10, 1964, Robert Adams was driving Helen West's 1961 Lincoln automobile on a paved county highway known as Arizona Farm Road, a road which intersects the unpaved Hunt Road in Pinal County, roughly making a "T" intersection. The automobile failed to negotiate the intersection, but instead, went straight through the intersection, laying down 233 feet of skid marks before impact in the bar ditch on the other side of Hunt Road. As previously stated, the accident resulted in the death of two of the passengers and serious injuries to the other. An accident reconstruction expert who testified on behalf of Pinal County concluded that the car was traveling at a minimum of 72 m. p. h. and probably in excess of that speed. The posted speed limit was 55 m. p. h. The area where the accident occurred is not lighted and there were no warning signs of any kind indicating the existence of the intersection nor was there any warning of any kind advising a driver that Arizona Farm Road terminated at Hunt Road. The reconstruction expert testified as to an experiment he conducted personally driving through the intersection at various speeds in an automobile comparable to the car that Adams was driving. This expert concluded that he could not negotiate the intersection at speeds in excess of 45 m. p. h. since at that speed the car tended to go a

little sideways when cornering the intersection. The expert further testified that even at 300 feet and with high beams a driver would not easily recognize that Arizona Farm Road came to an end.

Pinal County does not contend that it was not negligent, but rather, citing the case of Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957), contends that since its negligence was passive and Adams' negligence was active it has a right of indemnification from Adams, the driver of the automobile.

Although indemnification and contribution are often confused, there is a distinction between contribution, which distributes the loss among the tort-feasors by requiring each to pay his proportionate share, and indemnity, which shifts the whole loss from one tort-feasor, who has been compelled to pay it, to the shoulders of another who should bear it instead.

There are exceptions to the rule denying indemnity between joint tort-feasors, but as noted in Prosser, Law of Torts, 3rd, pp. 278, 281, " * * * it is extremely difficult to state any general rule or principle as to when indemnity will be allowed and when it will not." Prosser ends his discussion of the subject by suggesting that " * * * the duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other. This may be because of the relation of the parties to one another, and the consequent duty owed; or it may be because of a significant difference in the kind or quality of their conduct."

An analysis of those situations where indemnification is allowed is set forth in 7 Ariz.L.Rev. 59, 62. They are:

A. the indemnitee, solely through the negligence of the indemnitor, breaches his duty to maintain his premises in a reasonably safe condition for use by invitees;

B. The indemnitee (such as an owner or building contractor), solely through the negligence of the indemnitor (such

as a contractor or subcontractor), breaches his nondelegable duty to furnish workmen or seamen with a reasonably safe place to work, or otherwise suffers loss solely by virtue of the indemnitor's negligence;

C. the indemnitee-municipality, solely by virtue of the negligence of an abutting landowner or contractor, breaches its nondelegable duty to maintain its streets and sidewalks in a reasonably safe condition;

D. the indemnitee-employer is liable to the plaintiff under respondeat superior only because of the indemnitor-employee's unauthorized negligent act;

E. the indemnitee, upon whom strict liability is imposed by statute or judicial decisions, is liable to another solely because of the negligence of the indemnitor;

F. the indemnitee, a retailer or user of a chattel which is dangerously defective for its intended use because of the fault of the supplier and/or manufacturer-indemnitor, becomes liable to another;

G. the indemnitee (such as an employee or agent), at the request of, and in reliance upon, representations of the indemnitor, performs an authorized lawful act resulting in loss to a third person.

It is clear that in the State of Arizona there can be no contribution or indemnity between joint tort feasors. City of Phoenix v. Whiting, 10 Ariz.App. 189, 457 P.2d 729 (1969); Thornton v. Marsico, 5 Ariz. App. 299, 425 P.2d 869 (1967); Peterson v. Feldman, 7 Ariz.App. 75, 436 P.2d 169 (1968); Riexinger v. Ashton Company, 9 Ariz.App. 406, 453 P.2d 235 (1969); Essex Wire Corporation of California v. Salt River Project Agricultural Improvement and Power District, 9 Ariz.App. 295, 451 P.2d 653 (1969); Blakely Oil v. Crowder, 80 Ariz. 72, 292 P.2d 842 (1956); Depinto v. Landoe, 411 F.2d 297 (9 Cir. 1969).

Using the language of the *Busy Bee* case, Pinal County's argument is essentially this: Pinal County's negligence consisted of the failure to make the highway safe and the failure to properly warn of the intersection. Since its negligence consisted of the *failure* to do something, its negligence was passive rather than active. Therefore, it argues under the theory of *Busy Bee* that it is entitled to indemnity from Adams who was actively driving the automobile and whose active negligence caused the accident.

Appellant's contention is not new. It was rejected in Thornton v. Marsico, supra, and it was rejected in City of Phoenix v. Whiting, supra.

In Thornton v. Marsico, supra, the court held:

"It is argued that Busy Bee Buffet v. Ferrell, supra, changed the general rule where one party is actively negligent and the other party is only passively negligent. We do not believe this to be so. What the Supreme Court of Arizona said was that when one was liable *because of a duty imposed by law although he had not actively participated* in the wrong which was the immediate cause of the injury, then that one had a right to indemnity from the party who actively caused the injury. 7 Ariz.L.Rev. 59, 69. This is an expansion of the law of indemnity and not an abrogation of the law of noncontribution among joint tort-feasors." (Emphasis added)

The court in *Busy Bee* made it clear that it did not mean that a joint tort-feasor whose negligence is lesser can have indemnity from the other for damages caused by the concurring negligent act of both. The *Busy Bee* case holds that when the indemnitee, *solely* through the negligence of the indemnitor, breaches his duty to maintain his premises in a reasonably safe condition for use by invitees, indemnity is available. Such is not the situation in the case sub judice.

The facts in the case at hand show that the parties were guilty of concurrent negligence. The difference in the negligence between them is not so significant in kind or quality as to prompt us to shift the bur-

den of the loss from the shoulders of the County and place it upon Adams.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.