599 P.2d 232

**KING & JOHNSON RENTAL EQUIPMENT CO., a foreign corporation, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Harry Gin, Respondents,**

**and**

**Arthur G. McKee & Co., a corporation, Real Party in Interest.**

**No. 2 CA–CIV 3117.**

Court of Appeals of Arizona, Division 2.

Feb. 23, 1979.

Rehearing Denied April 10, 1979.

Review Granted May 22, 1979.

Jones, Teilborg, Sanders, Haga & Parks by James A. Teilborg and John C. Gemmill, Phoenix, for petitioner.

Chandler, Tullar, Udall & Redhair by Robert E. Lundquist, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

The respondent court's denial of petitioner's motion for summary judgment is the subject of this special action. We assume jurisdiction because appellate intervention by special action is appropriate where, as here, petitioner as a matter of law was not required to indemnify real party in interest. *Allison Steel Manufacturing Co. v. Superior Court*, 22 Ariz.App. 76, 523 P.2d 803 (1974).

McKee filed suit against petitioner seeking indemnity for a $500,000 judgment against McKee in a wrongful death action. The wrongful death action arose out of an accident which occurred while McKee was using a truck-crane, which petitioner had leased with an option to buy to Magma Copper Company, at Magma's mine in San Manuel. An electrician on the Magma construction site was killed when the truck-crane operated by McKee employees lost its support and tipped to one side and the 18-ton load fell on the decedent. The decedent's widow filed suit against the crane operator, McKee and the manufacturer of the crane. The manufacturer's motion for directed verdict was granted, the jury found in favor of the crane operator and returned a verdict against McKee in the amount of $500,000.

McKee, in this suit for indemnity, alleged that petitioner represented the crane to be a 70-ton crane when it was actually only a 60-ton crane, breached certain warranties, and leased the truck-crane in a defective and unreasonably dangerous condition. Petitioner filed a motion for summary judgment on the ground that McKee was not entitled to indemnity under *Busy Bee Buffet v. Ferrell,* 82 Ariz. 192, 310 P.2d 817 (1957) and its progeny since the jury's verdict in the wrongful death action constituted a determination that McKee had an active role in the conduct causing the woman's death. This motion was denied ostensibly on the ground that Restatement of Restitution Sec. 97 (1937) permitted indemnity in view of allegations in McKee's complaint that petitioner's conduct was intentionally wrongful. Petitioner then filed a motion for partial summary judgment requesting a determination that Arizona law would apply rather than Texas law, as contended by McKee. This motion was denied by another superior court judge. Petitioner subsequently filed another motion for summary judgment and the respondent judge ruled in its favor on the choice of law issue, declaring that Arizona law would apply, but declined to grant summary judgment on Counts I and III of McKee's complaint. (These are the only two counts to which Restatement of Restitution Sec. 97 would apply.)[1]

Before addressing ourselves to the issue of whether summary judgment should have been granted, we must first consider the correctness of the respondent court's resolution of the choice of law question. If Arizona law does not apply, the *Busy Bee Buffet* principles may not control here.[2]

■ We are of the opinion that the respondent court correctly determined the choice of law question. Restatement (Second) of Conflict of Laws Sec. 173 (1971), provides:

"The law selected by application of the rule of § 145 determines whether one tortfeasor has a right to contribution or indemnity against another tortfeasor."

Our Supreme Court in *Schwartz v. Schwartz,* 103 Ariz. 562, 447 P.2d 254 (1968) adopted the contact theory which is expressed in the Restatement (Second) of Conflict of Laws Sec. 145 (1971). As pointed out in the comment to Sec. 173, a right to indemnity in tort will usually be determined by the local law of the state of the conduct and injury. The general rule is that the right of one tortfeasor to obtain contribution or indemnity from another tortfeasor is governed by the law of the place of the tort. See, Annot. 95 A.L.R.2d 1096, Secs. 4 and 5, and cases cited therein. An exception to this general rule is recognized where another state has a greater interest in the determination of the particular issue. See, e. g., *State of Maryland v. Capital Airlines, Inc.,* 280 F.Supp. 648 (S.D. N.Y.1964). Also, a claim for indemnity based upon an agreement or other preexisting relationship between the parties has been held to be governed by the law which governs the agreement or relationship. *Brady v. Black Diamond S. S. Co.,* 45 F.Supp. 338 (S.D.N.Y.1941). We find neither of these exceptions applicable here and therefore the law of Arizona, the situs of the accident and death, should apply.

■ It is well-settled in this state that in the absence of an express agreement, there is no indemnity between joint tortfeasors. *Allison Steel Manufacturing Company v. Superior Court,* supra; *Transcon Lines v. Barnes,* 17 Ariz.App. 428, 498 P.2d 502 (1972); *Pinal County v. Adams,* 13 Ariz. App. 571, 479 P.2d 718 (1971).

There are exceptions to this rule. They are:

"A. [T]he indemnitee, solely through the negligence of the indemnitor, breaches his duty to maintain his premises in a reasonably safe condition for use by invitees;

---

1. Petitioner's motion for summary judgment was directed to all seven counts of McKee's complaint.

2. If Texas law applies, Article 2212, Tex.Rev. Civ.Stat.Ann., permits enforced contribution among joint tortfeasors who are in pari delicto. See, *Heil Co. v. Grant,* 534 S.W.2d 916 (Tex. Civ.App.1976).

B. The indemnitee (such as an owner or building contractor), solely through the negligence of the indemnitor (such as a contractor or subcontractor), breaches his non-delegable duty to furnish workmen or seamen with a reasonably safe place to work, or otherwise suffers loss solely by virtue of the indemnitor's negligence;

C. [T]he indemnitee-municipality, solely by virtue of the negligence of an abutting landowner or contractor, breaches its nondelegable duty to maintain its streets and sidewalks in a reasonably safe condition;

D. [T]he indemnitee-employer is liable to the plaintiff under respondeat superior only because of the indemnitor-employee's unauthorized negligent act;

E. [T]he indemnitee, upon whom strict liability is imposed by statute or judicial decisions, is liable to another solely because of the negligence of the indemnitor;

F. [T]he indemnitee, a retailer or user of a chattel which is dangerously defective for its intended use because of the fault of the supplier and/or manufacturer-indemnitor, becomes liable to another;

G. [T]he indemnitee (such as an employee or agent), at the request of, and in reliance upon, representations of the indemnitor, performs an authorized lawful act resulting in loss to a third person." 13 Ariz.App. at 572–573, 479 P.2d at 720.

McKee does not fit within any of these exceptions. The wrongful death action was tried on the theory of McKee's negligence and/or the negligence of the crane operator.

The plaintiff contended that McKee was negligent in improperly positioning the crane in the ground and was also negligent in placing railroad ties under the crane's outrigger arms, which caused the crane's fulcrum point to shift so that the crane tipped and dropped its load. These theories of negligence are unrelated to the crane's capacity. They are based on McKee's negligence in placing the crane in ground that was too soft to support it. Therefore whether or not the crane had a capacity of 60 tons or 70 tons is immaterial. The jury's finding in favor of the crane operator eliminates the possibility of McKee's liability under the respondeat superior doctrine. Count II of McKee's complaint, which alleges a negligent misrepresentation by petitioner, did not entitle it to relief. It does not matter whether petitioner's alleged fraud was or was not litigated. The jury in the wrongful death action found McKee was actively negligent and therefore the "no indemnity between joint tortfeasors" rule applies.

Count I alleges an intentional misrepresentation and Count III alleges a grossly negligent misrepresentation. McKee contended that despite its negligence, it might be entitled to indemnity under the Restatement of Restitution Sec. 97 (1937), "Negligence Followed by Another's Intentional or Reckless Misconduct," which provides:

"A person whose negligent conduct combined with the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tortfeasor could not have done so."

Assuming arguendo Sec. 97 could provide an exception to the rule against indemnity among joint tortfeasors, see *Allison Steel Mfg. Co. v. Superior Court*, 20 Ariz.App. 185, 511 P.2d 198 (1973); *Stroud v. Dorr-Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975), reh. den. 112 Ariz. 574, 544 P.2d 1089 (1976), it is not applicable here. Sec. 97 calls for indemnification of one tortfeasor by another when the latter knew of the peril and could have averted it when the first actor was unable to do so. *Ford Motor Co. v. Robert J. Poeschl, Inc.*, 21 Cal.App.3d 694, 98 Cal.Rptr. 702 (1971); *Standard Oil Co. of California v. Oil, Chemical & Atomic Workers Int. U.*, 23 Cal.App.3d 585, 100 Cal.Rptr. 354 (1972); *Hanson v. Bailey*, 249 Minn. 495, 83 N.W.2d 252 (1957). Accepting McKee's argument that petitioner's misrep-

resentation had a continuing effect, it was terminated when the accident occurred. Petitioner was not in a position, as contemplated by Sec. 97, to have averted the harm at a time when McKee could not have done so. It would have had to have known of the decedent's peril and have intentionally or recklessly failed to avoid it. No material factual issue existed and petitioner was entitled to summary judgment as a matter of law on Counts I and III.

 Counts IV, V, VI, and VII of McKee's complaint asserted alternate theories of liability: strict liability, breach of warranty, and breach of contract under a third-party beneficiary theory. The doctrine of strict liability in tort afforded no basis for relief as McKee's liability in the wrongful death action was based on its negligence and not on strict liability in tort. Neither did the breach of warranty theory, as an actively negligent party gains no right of indemnity by couching his pleading in terms of breach of warranty. *Chrysler Corporation v. McCarthy*, 14 Ariz.App. 536, 484 P.2d 1065 (1971). As to McKee's breach of contract claim, it attempted to rely on petitioner's lease-option agreement with Magma Copper. Recovery under the third-party beneficiary doctrine is available only when the intention to benefit the third person is indicated in the contract itself. *Basurto v. Utah Construction & Mining Co.*, 15 Ariz.App. 35, 485 P.2d 859 (1971). Petitioner contracted with Magma to sell a 70-ton truck-crane. At the time of the contract, the parties did not contemplate use of the crane by McKee. Therefore as a matter of law, McKee could not claim to be a third-party beneficiary of the contract.

The dissent asserts that other sections of the Restatement of Restitution were raised below which we have not considered. We have not done so because they were not argued in this special action. Their omission was proper because they are not applicable.

Section 89 has no application here. It applies solely to a situation where the person making the misrepresentation does so with reason to know of the consequences and induces another to do the specific act which results in tort liability. See Comment (a) and Illustration.

Section 93 applies to a situation where the negligence of the one seeking indemnity is based solely on failure to inspect the goods. *Chrysler Corp. v. McCarthy*, supra. As we have previously indicated no such theory was advanced in the wrongful death action. Section 95 has no connection with the fact situation here. It allows indemnity when one becomes liable for failure to make safe a condition created by the misconduct of another. Petitioner had no connection with the placement of the crane in the soft ground. McKee alone was responsible for such placement and the placement of the railroad ties.

The dissent also suggests that exception "F" from our case of *Pinal County v. Adams*, supra, arguably applies here. The basis for "F", however, is Restatement of Restitution Sec. 93. See Sherk, Common Law Indemnity Among Joint Tortfeasors, 7 Ariz.Law Rev. 59, 64 (1965). We have already discussed the non-applicability of Sec. 93 as McKee's liability was not predicated on its failure to inspect.

 For the foregoing reasons, the respondent court is directed to enter summary judgment in favor of petitioner on all counts of McKee's complaint.

LILLIAN S. FISHER, Superior Court Judge, concurs.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge LILLIAN S. FISHER was called to sit in his stead and participate in the determination of this decision.

HATHAWAY, Judge, dissenting.

Summary judgment should be cautiously entered, *Northern Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 573 P.2d 65 (1977). Extreme care should be used to determine whether a genuine issue of material fact exists, *Mozes v. Daru*, 4 Ariz.App. 385, 420 P.2d 957 (1967). Even where mate-

rial facts are not in dispute, but are uncertain, summary judgment is improper. *Boozer v. Arizona Country Club*, 102 Ariz. 544, 434 P.2d 630 (1967). Thus, review of the denial of a motion for summary judgment by special action should be sparingly exercised; review should not be exercised unless judicial error is plainly apparent. *Warinner v. Superior Court of Maricopa County*, 21 Ariz.App. 328, 519 P.2d 81 (1974); *Southwest Cooperative Wholesale v. Superior Court*, 13 Ariz.App. 453, 477 P.2d 572 (1971). I do not believe judicial error is plainly apparent.

I agree with the majority that McKee is precluded from relitigating the issue of whether its negligence was a proximate cause of the accident. I also agree that the prior judgment precludes relitigating the issue of whether the misrepresentation as to the capacity of the crane is the sole cause of the accident. The prior judgment, however, does not necessarily involve a finding that petitioner's fraud was not also a proximate cause of the accident. McKee, therefore, is entitled to its day in court to show that despite its negligence, if the crane had been as represented, the accident would not have occurred.

McKee's position is that petitioner "could have averted the harm at a time when the negligent tortfeasor [McKee] could not have done so," Restatement of Restitution, Sec. 97, supra, by discontinuing the deception through a full and accurate disclosure of the crane's specifications and by furnishing proper operating instructions for the allegedly falsified materials that were furnished to give the appearance that the equipment was a 70-ton crane. I do not accept the majority's position that Sec. 97 requires petitioner to know of the specific peril at the time immediately preceding its effect as a proximate cause. It should be sufficient that it knew someone may ultimately become imperiled through its fraud.

In its response to the motions for summary judgment below, McKee cited Restatement Secs. 89, 93 and 95 as well as Sec. 97. The unstated premise of this action is that by specifically referring to Sec. 97 in denying the motion for summary judgment, the trial court impliedly rejected all other theories of indemnity. This assumption is unwarranted. To deny the motion, the trial court only had to find one of the possible Restatement sections applicable; its judgment that Sec. 97 applied implied nothing regarding the other sections. Because this court has neither received written briefs nor heard oral argument on the other sections, their applicability should not be determined.

I also believe the majority's rejection of the products liability issue is incorrect. That McKee's liability sounds in negligence should not preclude it from asserting a strict liability claim against petitioner.

For the above reasons, I believe the court has improvidently accepted special action jurisdiction and ill-advisedly ordered entry of summary judgment.