599 P.2d 212

**KING & JOHNSON RENTAL EQUIPMENT CO., a foreign corporation, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Harry Gin, Respondents,**

and

**Arthur G. McKee & Co., a corporation, Real Party in Interest.**

No. 14318–PR.

Supreme Court of Arizona, En Banc.

July 24, 1979.

Rehearing Denied Sept. 11, 1979.

Jones, Teilborg, Sanders, Haga & Parks by James A. Teilborg and John C. Gemmill, Phoenix, for petitioner.

Chandler, Tullar, Udall & Redhair, by Robert E. Lundquist, Tucson, for real party in interest.

HAYS, Justice.

Arthur G. McKee & Company (McKee), real party in interest, petitioned this court for review of a decision in a special action proceeding by the Court of Appeals. We have jurisdiction pursuant to A.R.S. § 12–

120.24. The Court of Appeals decision, 123 Ariz. 276, 599 P.2d 232 (1979) is vacated. The trial court's denial of the motion for partial summary judgment is set aside.

McKee, a construction company, was using a truck-crane leased to Magma Copper Company by King & Johnson Rental Equipment Company (King). While lifting a load, the crane tipped to one side, killing a worker. The deceased's survivors sued the crane operator, the crane manufacturer, and McKee. The manufacturer was granted a directed verdict and the jury found for the crane operator. The jury also returned a verdict against McKee with damages in the amount of $500,000.

McKee then filed suit against King for indemnity, which suit forms the basis of this review. McKee alleged in its complaint and in other pleadings that it was not a proximate cause of the accident or at least not the sole proximate cause; that King had misrepresented the lifting capacity of the crane; that King's misrepresentation was the sole proximate cause or at least a proximate cause of the accident; and that, based on several sections of the *Restatement of Restitution*, King, an intentional tort-feasor, was obligated to indemnify McKee. King moved for partial summary judgment contending that, because of the prior jury verdict against McKee, it was now estopped to deny its negligence and that its negligence was at least a proximate cause of the accident. Moreover, King argued that since McKee was a negligent tort-feasor, it was precluded from seeking indemnification in Arizona as a matter of law. The court denied King's motion concluding that, if King were an intentional tort-feasor, *Restatement of Restitution* § 97 (1937) allowed McKee's action for indemnification.

█ Indemnification between joint tort-feasors is forbidden in Arizona except when the party seeking indemnity was not personally at fault and did not actively participate in the wrong causing injury to a third party, but was nevertheless liable because of a legal duty to the third party. *Busy*

*Bee Buffet v. Ferrell*, 82 Ariz. 192, 310 P.2d 817 (1957); *City of Phoenix v. Kenly*, 21 Ariz.App. 394, 519 P.2d 1159 (1974). In other words, indemnity is allowed only where "the whole of the fault was in the one against whom indemnity is sought." *Transcom Lines v. Barnes*, 17 Ariz.App. 428, 498 P.2d 502 (1972).

McKee first contends that under *Busy Bee, supra,* and its progeny, it is entitled to indemnification from King since the accident was the result of King's misrepresentation as to the capacity of the crane and was in no way caused by McKee's act or omission. King raises the defense of collateral estoppel arguing that the jury verdict against McKee precludes such a claim. We agree.

█ Although the jury did not specifically delineate the theories upon which it found McKee liable, it did return a verdict against McKee awarding $500,000 in damages. The plaintiff's theories of liability as argued to the jury in his opening and closing statements, and the theories of liability on which the jury was instructed, all amounted to basic negligence theories. The jury was also instructed that "[b]efore you can find the defendant liable, you must find that the defendant's negligence caused the plaintiff's injury." Since a general verdict by a jury implies a finding in favor of the prevailing party on every fact essential to support his action, *Henderson v. Harnischfeger Corp.*, 12 Cal.3d 663, 117 Cal.Rptr. 1, 527 P.2d 353 (1974), and since the record reveals no basis for a contrary conclusion, we find that the verdict reflected a determination that, on the facts as found by the jury, McKee was negligent and its negligence was at least a proximate cause of the death. This conclusion by the jury of fact and law is binding on McKee. *Royal Properties, Inc. v. Arizona Title Ins. & Trust Co.*, 13 Ariz.App. 376, 378, 476 P.2d 897, 899 (1970); 50 C.J.S. *Judgments* § 717 at 195–96 (1947). In light of our determination that McKee is now estopped from denying its negligence and that its negligence was at least a proximate cause of the accident, we conclude that it is not entitled to indemnity

**258**

from King. *Busy Bee Buffet v. Ferrell, supra.*

McKee next argues that, even if we find it is estopped to deny its negligence, it is nevertheless entitled to indemnification based upon *Rest. tement of Restitution* §§ 89, 93, 95 & 97. McKee raised each of these sections before the trial court in its opposition to King's motion for partial summary judgment. However, in denying King's motion, the court, as indicated by its minute entry order, relied solely on § 97. Consequently, the viability of that section and its application to the facts here is all that is properly before us on appeal.

*Restatement of Restitution* § 97 reads as follows:

A person whose negligent conduct combined with the reckless of intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tortfeasor could not have done so.

King argues that § 97 is against settled Arizona case law and in any event is inapplicable on the facts. McKee responds that, on the contrary, it is applicable on the facts of the case and that several Arizona cases have specifically adopted this section, citing *Stroud v. Dorr-Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975); *Sequoia Mfg. Co. v. Halec Constr. Co.*, 117 Ariz. 11, 570 P.2d 782 (App.1977); *Allison Steel Mfg. Co. v. Superior Court*, 20 Ariz.App. 185, 511 P.2d 198 (1973).

We think McKee's reliance on these cases is inappropriate. Although they discuss § 97, none of them specifically holds § 97 to be the law of Arizona, each concluding that it was inapplicable on the facts before it. We find that § 97 does not apply to the facts in this case. This is supported by the author of the note in 88 A.L.R.2d 1347 who says at page 1359 thereof, "[i]t seems clear that the rule as announced is, in effect, an application between tortfeasors

of the doctrine of last clear chance . . ."

As we previously indicated, the respondent asserts that other sections of the *Restatement of Restitution* were considered by the court in denying summary judgment, but this is not borne out by the court's order. Other issues have been adverted to but we choose to consider only those fully presented.

The denial of the partial summary judgment based upon *Restatement of Restitution* § 97 is set aside. The case is remanded to the trial court for further consideration of the other grounds raised by McKee in opposition to the motion, and other proceedings consistent herewith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.