716 P.2d 1041

**TRANSAMERICA INSURANCE COMPANY, a California corporation, Plaintiff/Appellant,**

**v.**

**TRICO INTERNATIONAL, INC., a Nevada corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5488.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 27, 1985.

Review Denied April 8, 1986.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, and Brian Holohan, Phoenix, for plaintiff/appellant.

Fennemore, Craig, von Ammon, Udall & Powers by Calvin H. Udall, and Reed C. Tolman, Phoenix, for defendant/appellee.

## OPINION

LIVERMORE, Judge.

Defendant, Trico International, Inc., designed an irrigation and flood control system for the insured of plaintiff, Transamerica Insurance Company. Flood waters subsequently escaped from that system and the insured was held strictly liable for the resulting damages. Transamerica, as subrogee, now seeks indemnity from Trico on the theory that Trico's negligent design of the system caused the escape of the flood waters. The issue in this case is whether the finding of liability against the insured precludes, as the trial court held, suit against Trico for indemnity. We hold that it does not and reverse.

Indemnity is not a mechanism to defeat the rule, which existed at the time of this loss, that there can be no contribution among joint tortfeasors. If the judgment against Transamerica's insured found the insured actively at fault, then that finding would preclude indemnification. But the judgment was premised on strict liability rather than fault. If passive negligence does not defeat indemnification, *a fortiori* strict liability does not. *Busy Bee Buffet v. Ferrell,* 82 Ariz. 192, 310 P.2d 817 (1957); *Estes Co. v. Aztec Construction, Inc.,* 139

Ariz. 166, 677 P.2d 939 (App.1983); *Sequoia Mfg. Co. v. Halec Constr. Co.,* 117 Ariz. 11, 20, 570 P.2d 782, 791 (App.1977); *Transcon Lines v. Barnes,* 17 Ariz.App. 428, 498 P.2d 502 (1972); Restatement of Restitution §§ 93, 96 (1937).

The judgment is reversed.

HATHAWAY, P.J., and LACAGNINA, J., concur.