723 P.2d 89

**Gordon SHEA, individually and as agent for Shea Arabian Horse Ranch, and Jane Doe Shea, Petitioners,**

v.

**The SUPERIOR COURT OF MARICOPA COUNTY and the Honorable Howard V. Peterson, a Judge thereof, Respondents,**

and

**ARIZONA PUBLIC SERVICE COMPANY, an Arizona corporation, Respondent and Real Party in Interest.**

No. CV 86 0081–SA.

Supreme Court of Arizona, En Banc.

May 27, 1986.

Jennings, Strouss & Salmon by Jefferson L. Lankford, William T. Birmingham, Phoenix, for petitioners.

Snell & Wilmer by George H. Lyons, Joseph A. Kendhammer, Phoenix, for respondent and real party in interest Arizona Public Service.

FELDMAN, Justice.

Petitioner (Shea) seeks special action relief[1] to compel respondent trial judge to grant his motion for summary judgment against the real party in interest, Arizona Public Service Company (APS).

1. In Arizona, relief formerly obtained by writs of prohibition, mandamus or certiorari is now obtained by "special action". *See* Rule 1, Arizona Rules of Procedure for Special Actions, 17A A.R.S.

## FACTS

Ralph Ruelas was seriously injured on June 12, 1984 when the hay truck on which he was riding passed under an energized, uninsulated APS power line. The line was located on premises leased by Shea. At the time of the accident, Ruelas worked for the owner of the truck and was delivering hay to the Shea ranch. On June 22, 1984 Ruelas brought an action against APS in Maricopa County Superior Court, alleging that APS had been negligent in maintaining the power line. APS filed a third-party complaint against Shea and others, alleging, *inter alia*, that Shea had negligently directed the truck driver during the delivery operation, that it was entitled to indemnity and also that it was entitled to contribution under the Arizona Uniform Contribution Among Tortfeasors Act, A.R.S. § 12–2501, *et seq.*

In September 1984, Ruelas and APS stipulated that Ruelas' complaint be dismissed without prejudice. APS also moved to dismiss its third-party complaint against Shea and the others. On September 20, 1984, the trial court dismissed the case. Ruelas then filed a second complaint against APS; APS answered and on October 10, 1984 filed its second third-party complaint, asserting the same theories of liability as before. Eventually, APS and Ruelas settled the personal injury claim. Shea and the other third-party defendants moved for summary judgment. The trial judge granted summary judgment against APS on claims not relevant to this proceeding. Shea filed a second motion for summary judgment on the counts pertaining to common law indemnity and contribution under the uniform act. The respondent trial judge denied the motion. Shea then sought relief from this court by special action. After hearing argument, we accepted jurisdiction and stayed further proceedings in the trial court. Rules 5 and 7, R.P.Sp.Act, 17A A.R.S.; A.R.S. § 12–120.24. We now grant relief, ordering the trial court to enter summary judgment against APS on counts one and seven.

## JURISDICTION

This court does not invite special actions seeking to compel a trial judge to grant summary judgment. *United States v. Superior Court,* 144 Ariz. 265, 269, 697 P.2d 658, 662 (1985). We ordinarily decline jurisdiction because the determination of the propriety of summary judgment often turns on an evaluation of facts which the trial judge is in the best position to evaluate. If he errs and finds a question of fact where none exists, he may well correct that error at trial by granting a directed verdict. If he does not correct the error, the remedy by appeal is usually sufficient. Interim appeals to test the denial of a motion for summary judgment are therefore regularly denied. *Id.*

Despite these general principles, we have decided to take jurisdiction for the following reasons. First, the grant or denial of summary judgment in this case depends upon resolution of two principles of law rather than examination of disputed questions of fact. Next, there appears to be no substantial controversy as to the determinative facts; for purposes of this proceeding APS admits negligence. Finally, in denying summary judgment on the count for contribution, the trial judge, without explanation, failed to follow controlling Arizona law which required dismissal of the claim. We believe that it would be improper to allow these two claims to proceed to a long and expensive trial which would burden both the judicial system and the parties.

## CONTRIBUTION AND INDEMNITY UNDER THE UNIFORM ACT

█ We do not believe that APS may maintain an action seeking contribution under the uniform act. Section 12–2501 does permit contribution among joint tortfeasors, but that statute applies only to actions filed on or after August 31, 1984. Section 12–2501(F) preserves the common law of indemnity. The APS initial third-party complaint included a claim for contribution under A.R.S. § 12–2501 and one for common law indemnity, but was filed on July 10, 1984, before the statute's effective

date. The second, and basically identical, complaint was filed in October, after the effective date. The question, therefore, is whether voluntary dismissal and refiling brings the contribution claim within the statute. We have previously held that this is not permitted with regard to A.R.S. § 12–2505, which deals with comparative negligence and is part of the same act. *Cheney v. Arizona Superior Court*, 144 Ariz. 446, 698 P.2d 691 (1985).

*Cheney* controls this case. In *Cheney*, we pointed out that the legislature had "picked a specific date on which the Act [A.R.S. §§ 12–2501 to 12–2509] was to be effective, ... and stated that it was to apply prospectively to actions filed on or after that date." *Id.* at 449, 698 P.2d at 694. We held that the Act did not apply to actions filed prior to that date. *Id.* We also held that the practice of dismissing and refiling to evade the effective date deprived a defendant who wished to plead contributory negligence of a substantive legal right. *Id.* at 448, 698 P.2d at 693. *See Dallas Hall v. A.N.R. Freight Systems, Inc.*, 149 Ariz. 130, 717 P.2d 434 (1986).

That reasoning is even stronger here since prospective application of the statute creates and imposes on a defendant liability for contribution where none existed at common law. *See King & Johnson Rental Equipment Co. v. Superior Court*, 123 Ariz. 256, 257, 599 P.2d 212 (1979) (no indemnity available for joint tortfeasors); *State Farm Mutual Insurance Co. v. Factory Mutual Insurance Co.*, 22 Ariz.App. 199, 200, 526 P.2d 406, 407 (1974) (no contribution among joint, negligent tortfeasors). *Pinal County v. Adams*, 13 Ariz.App. 571, 573, 479 P.2d 718, 720 (1971). The legislative decision making the Act effective *only* after August 31, 1984 cannot be evaded by ploys such as voluntary dismissal and refiling.

Thus, in permitting APS to maintain a cause of action not recognized at common law under an inapplicable statute, the trial judge exceeded his legal authority. *State v. Chapple*, 135 Ariz. 281, 297, 660 P.2d 1208, 1224 (1983). Dismissal of the claim for contribution was not a discretionary matter. Admitting all the facts alleged by APS, the claim had no foundation in law and the trial judge was required to dismiss it.

## THE CLAIM FOR COMMON LAW INDEMNITY

The trial court also refused to grant summary judgment against APS on its common law indemnity count. As noted, *ante* at 272, 723 P.2d at 90, we would not ordinarily accept special action jurisdiction on this issue. However, as the case is before us, considerations of judicial economy impel us to also consider Shea's objections to the indemnity claim.

The uncontradicted facts are that APS was aware of the condition of its overhead line and took no remedial action, despite Shea's requests that it do so. Assuming, *arguendo*, that Shea was also negligent in directing the driver of the truck on which Ruelas was riding at the time of the accident, we must decide whether the party which knowingly and negligently maintained a dangerous condition may obtain indemnification from a party who negligently permitted the victim to come into contact with the danger. APS urges the affirmative, arguing that its admitted negligence was "passive", while Shea's was "active", so that indemnity is appropriate under the doctrine of *Busy Bee Buffet v. Ferrell*, 82 Ariz. 192, 310 P.2d 817 (1957).

We do not believe that *Busy Bee* is applicable to the case at bench. Admittedly, APS' conduct may properly be characterized as an omission, but we do not agree that every omission is "passive" negligence. The *Busy Bee* doctrine does not permit comparison of fault, and forbids indemnity even if the party seeking indemnity is less negligent than the indemnitor. *See* Sherk, *Common Law Indemnity Among Joint Tortfeasors*, 7 ARIZ.L.REV. 59, 69–70 (1965). *Busy Bee* does not apply at all to concurrently negligent tortfeasors, even though one of the concurrent actors is

guilty only of negligent failure to act. *See Pinal County v. Adams, supra.* A county that fails to provide warning signs on a road and then pays on a claim resulting from an accident may not obtain indemnity from the negligent driver who was speeding and directly caused the injuries. *Id.*, at 573–74, 479 P.2d at 720–21.

The *Busy Bee* doctrine applies only where: (1) the party seeking indemnity is not at fault at all; or (2) if he was at fault, his causative contribution ended so that he is held liable only because of the continuing conduct of the indemnitor; or (3) where he is liable only because the law imposes liability upon him for the torts of the indemnitor. *See Blakely Oil, Inc. v. Crowder*, 80 Ariz. 72, 292 P.2d 842 (1956); *Transamerica Insurance Company v. Trico International, Inc.*, 149 Ariz. 104, 716 P.2d 1041 (App.1985); *Transcon Lines v. Barnes*, 17 Ariz.App. 428, 498 P.2d 502 (1972); *Thornton v. Marsico*, 5 Ariz.App. 299, 425 P.2d 869 (1967).

We conclude, therefore, that no common law indemnity may be asserted in the case at bench. Such indemnity is not permitted where the conduct of the indemnitee made him an "active [participant] in the liability-creating event." *Chrysler Corp. v. McCarthy*, 14 Ariz.App. 536, 538, 484 P.2d 1065, 1067 (1971); *see also King & Johnson, supra.* Both APS and Shea actively participated in the event, even though APS' negligence was a failure to act and Shea's was a positive act.

Under the peculiar facts of this case, the trial court's error in failing to grant the motion for summary judgment may be corrected through special action relief. We grant such relief, vacate the order denying the motions for summary judgment on the counts of common law indemnity and contribution and order that the motion on these claims be granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.