177 Ariz. 480 (1994)
868 P.2d 1063
CELLA BARR ASSOCIATES, INC., an Arizona corporation, Plaintiff-Appellant,
v.
Robert B. COHEN and Cohen and Channin, Defendants-Appellees.
No. 1 CA-CV 91-0332.
Court of Appeals of Arizona, Division 1, Department C.
January 27, 1994.
*482 Mariscal, Weeks, McIntyre & Friedlander, P.A. by Richard A. Friedlander, Gary L. Birnbaum, Scott A. Holcomb, Phoenix, for plaintiff-appellant.
Jennings, Strouss & Salmon by John A. Micheaels, James M. Ackerman, Phoenix, for defendants-appellees.
OPINION
EHRLICH, Judge.
Cella Barr Associates, Inc. ("Cella Barr") appeals from a judgment dismissing its claims for contribution and indemnity and from the denial of its motion for new trial. We affirm the judgment for the reasons which follow.
FACTS AND PROCEDURAL HISTORY
On June 25, 1986, Gerald and Edwina Glassman, Plainville Electro Plating Company, and Plainville West, Inc. ("Glassmans") conditionally contracted with Miles and William Munzer and Technical Metal Finishing Corporation ("Munzers") for the purchase of Marro Plating, an electroplating facility in Scottsdale, Arizona. On June 30, 1986, the Glassmans, through Robert B. Cohen, a Connecticut attorney with the firm of Cohen & Channin ("Cohen"), and the Munzers contracted with Cella Barr to conduct an environmental audit of the plating facility. On that same day, Cella Barr submitted an oral report of its environmental audit. The Glassmans and Munzers closed the transaction the next day. However, in January 1988, the United States Environmental Protection Agency ("EPA") notified the Glassmans that Marro Plating was located in the Indian Bend Wash Superfund site and that the facility was the subject of an EPA investigation.
In May 1988, the Glassmans filed an action against the Munzers and Cella Barr in federal court. The only claim against Cella Barr alleged professional malpractice in performing the environmental audit; it was dismissed without prejudice. The court later granted the Munzers' motion for summary judgment on the federal claims and declined jurisdiction over the pendent state racketeering claim, thereby ending the Glassmans' federal litigation.
In February 1989, the Glassmans filed an action against Cella Barr in Maricopa County Superior Court for professional negligence and malpractice. Cella Barr in turn designated Cohen and the Munzers as "non-parties at fault." In January 1990, the Glassmans sued the Munzers in a separate Maricopa County Superior Court action for alleged racketeering violations and added a claim for breach of contractual warranties. On May 24, 1990, Cella Barr moved to consolidate the Glassmans' two state cases, and to file a third-party complaint, adding the Munzers and Cohen as third-party defendants in the professional malpractice action against it. The trial court denied both motions. The Glassmans' suit against the Munzers eventually was settled.
While the jury was deliberating in the Glassmans' action against Cella Barr, but before it reached its verdict, the parties settled the lawsuit. Cella Barr agreed to pay *483 the Glassmans $1,250,000, for which the Glassmans released Cella Barr and Cohen from liability; there was no reference to the Munzers. The parties nonetheless allowed the jury to continue deliberations, although the settlement made moot any verdict. Three days later, the jury rendered its verdict; it found the Glassmans and Cella Barr each 18.5% liable, Cohen 37% at fault, and the Munzers 26% liable for total damages of $700,000.
After the trial court refused to allow Cella Barr to file a third-party complaint in the Glassmans' malpractice action, but before that case was settled, Cella Barr filed an action against Cohen and the Munzers, the subject of this appeal. In its complaint, Cella Barr claimed that, with regard to damages for which it was liable to the Glassmans in the malpractice action, it was entitled to contribution from the Munzers and Cohen, indemnification from Cohen, and indemnification and treble damages from the Munzers. Only Cohen was served. The trial court granted Cohen's motion to dismiss; it later denied Cella Barr's motions for reconsideration and new trial. Cella Barr timely appealed.
DISCUSSION
A. Standard of Review
In this appeal, we decide whether the trial court properly dismissed Cella Barr's claims against Cohen for contribution and indemnity, and whether it properly denied Cella Barr's subsequent motion for new trial. However, we first must resolve the parties' disagreement as to the appropriate standard of review. Cella Barr urges that we apply the standard used to review a trial court's dismissal. Cohen maintains that his motion to dismiss was converted to one for summary judgment because the trial court relied upon facts and documents outside the pleadings submitted by Cella Barr.
Whether we designate the motion as one to dismiss or one for summary judgment is of little consequence to the resolution of this appeal. See Brosie v. Stockton, 105 Ariz. 574, 576, 468 P.2d 933, 935 (1970). However, in granting Cohen's motion to dismiss the contribution and indemnity claims pursuant to Arizona Rule of Civil Procedure 12(b)(6), the trial court considered evidence extrinsic to the pleadings. Thus we consider Cohen's motion as one for summary judgment. E.g., Frey v. Stoneman, 150 Ariz. 106, 109, 722 P.2d 274, 277 (1986). The motion was properly granted if, viewing the evidence in the light most favorable to Cella Barr, "factually, `reasonable people could not agree with the conclusion advanced by the proponent of the claim.'" Riley, Hoggatt & Suagee, P.C. v. English, 177 Ariz. 10, 12, 864 P.2d 1042, 1044 (1993), quoting Orme School v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990); see Ariz.R.Civ.P. 56(c).
B. Contribution Claim
Cella Barr challenges the trial court's dismissal of its claim for contribution against Cohen. The court granted Cohen's motion to dismiss because Cella Barr failed to comply with the requirements of Arizona Revised Statutes Annotated ("A.R.S.") section 12-2503(D) by not discharging all parties potentially liable to the Glassmans, specifically the Munzers. The court then denied Cella Barr's motion for reconsideration and later denied its motion for new trial, stating similarly that, because Cella Barr had not obtained a release of the Munzers, it had not discharged the "common liability" and therefore was not entitled to contribution from Cohen.
In 1984, the Arizona legislature adopted a version of the Uniform Contribution Among Tortfeasors Act, A.R.S. § 12-2501 et seq., which retained a comparative negligence scheme and recognized a right of contribution for a joint tortfeasor who paid more than his pro rata share of the common liability for the same injury. City of Tucson v. Superior Court, 165 Ariz. 236, 240, 798 P.2d 374, 378 (1990); Neil v. Kavena, 176 Ariz. 93, 95, 859 P.2d 203, 205 (App. 1993), citing Dietz v. General Electric Company, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991). In 1987, however, the legislature repealed the then-existing version of section 12-2506 and enacted a new statute which abolished joint liability and provided that a defendant in a personal-injury action "is liable only for the amount of *484 damages allocated to that defendant in direct proportion to that defendant's percentage of fault." A.R.S. § 12-2506, added by Laws 1987, ch. 1, § 2, eff. Jan. 1, 1988. Thus, for lawsuits filed after January 1, 1988, a defendant's liability is several only, unless a statutory exception applies. Dietz, 169 Ariz. at 506-08, 821 P.2d at 167-69; City of Tucson, 165 Ariz. at 240 n. 2, 789 P.2d at 378 n. 2; cf. A.R.S. § 12-2506(D) (specifying circumstances in which joint and several liability remain).
Cella Barr maintains on appeal that, even as a severally-liable tortfeasor, it is entitled to seek contribution from Cohen if it shows that Cohen is also liable to the Glassmans for the same injury and that Cella Barr has paid more than its pro rata share of the common liability. Section 12-2501 provides:
A. Except as otherwise provided in this article, if two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. [Emphasis added.]
B. The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share.
* * * * * *
D. A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.
Cella Barr asserts that, because subsection A of this statute uses the disjunctive phrase "jointly or severally liable" rather than the conjunctive phrase "jointly and severally liable," contribution is available to merely severally-liable tortfeasors "even though judgment has not been entered against all or any of them." It further maintains that, according to subsection B, this right exists when the tortfeasor has paid more than his pro rata share of the common liability and that subsection D permits a settling tortfeasor's contribution action against those tortfeasors whose liability has been extinguished by the settlement. Cella Barr also asserts that it satisfied the procedural requirements of A.R.S. § 12-2503 for enforcing its right.
Recently, however, Arizona courts have recognized that, in cases such as this when several liability applies, contribution among joint tortfeasors virtually is nonexistent. E.g., Dietz, 169 Ariz. at 510, 821 P.2d at 171; City of Tucson, 165 Ariz. at 240 n. 2, 798 P.2d at 378 n. 2; Neil, 176 Ariz. at 95, 859 P.2d at 205; Roland v. Bernstein, 171 Ariz. 96, 97-98, 828 P.2d 1237, 1238-39 (App. 1991); see also JEFFERSON L. LANKFORD & DOUGLAS A. BLAZE, THE LAW OF NEGLIGENCE IN ARIZONA § 12.3, at 304 (1992) (scope of contribution restricted significantly by limitation of joint and several liability; "right of contribution now only arises in cases based on concerted action or relating to hazardous wastes."). It is undisputed that Cella Barr's action against Cohen and the Munzers was filed subsequent to Arizona's effective abolition of joint liability.
Further, the term "common liability," as it is used in section 12-2501(B), contemplates that tortfeasors have some shared liability. After the dismissal of the contribution claim in this case, the Arizona Supreme Court construed the phrase to mean "the dollar amount shared by joint tortfeasors for which they were legally answerable." Parker v. Vanell, 170 Ariz. 350, 352, 824 P.2d 746, 748 (1992) (emphasis original; footnote omitted). Although the court was not required to address whether this definition of common liability included all joint tortfeasors, later discussion indicates that the phrase refers to the "total damages" suffered by an injured person instead of a portion of those damages shared by some but not all of the joint tortfeasors. See id. at 353, 354, 824 P.2d at 749, 750. Under the current section 12-2506, with the exclusion of two narrow exceptions, tortfeasors have no common liability; rather, each is only severally liable for his pro rata amount. Because there is no common liability to discharge, there is no *485 right of contribution when a single tortfeasor settles a plaintiff's claim against him. Thus the legislature's virtual elimination of joint liability defeats Cella Barr's contribution claim and it was properly dismissed.
Cella Barr submits alternatively that its contribution claim was dismissed improperly because it falls within at least one, if not both, of the exceptions to the abolition of joint liability. See A.R.S. § 12-2506(D). Cohen responds that the exceptions do not apply because the Glassmans' claim against Cella Barr was for its professional malpractice and we agree.
The first statutory exception provides that a "party is responsible for the fault of another person, or for the payment of the proportionate share of another person, if both the party and the other person were acting in concert or if the other person was acting as an agent or servant of the party." A.R.S. § 12-2506(D)(1). Cella Barr contends that it was acting as Cohen's agent or servant in performing the environmental audit. Cella Barr alleged in its complaint, however, that it had a contractual relationship with the Glassmans to perform the environmental audit. Thus Cella Barr was acting as the Glassmans' agent, the party making the claim against Cella Barr for professional malpractice. The exception explained in section 12-2506(D)(1) applies instead when the party seeking protection under this subsection is acting as a agent or servant of another tortfeasor, not the injured party. Consequently, Cella Barr's liability to the Glassmans, if any, was only several.
The second exception states that "[n]othing in this section prohibits the imposition of joint and several liability in a cause of action relating to hazardous wastes or substances or solid waste disposal sites." A.R.S. § 12-2506(D)(2). Cella Barr also argues that its contribution claim relates to hazardous wastes or substances because the Glassmans' action was for Cella Barr's failure to discover that the plating facility was located in a Superfund site and had other environmental problems. Notwithstanding, the Glassmans sued Cella Barr for professional malpractice in conducting the environmental audit. Such a claim does not fall within the second exception to the abolition of joint liability even if the subject matter of the professional services was related to hazardous wastes or substances. Cella Barr's liability related to the quality of its professional services rendered the Glassmans and not to hazardous wastes or substances.
C. Indemnity Claims
Cella Barr next submits that the trial court improperly dismissed its two indemnity claims against Cohen because the facts in its complaint, taken as true, support a claim upon which relief could have been granted. The court found that these claims lacked merit and accordingly granted Cohen's motion to dismiss and denied Cella Barr's subsequent motion for new trial.
Generally, there is no indemnity among joint tortfeasors, Shea v. Superior Court, 150 Ariz. 271, 274, 723 P.2d 89, 92 (1986); King & Johnson Rental Equipment Company v. Superior Court, 123 Ariz. 256, 257, 599 P.2d 212, 213 (1979), although Arizona recognizes certain exceptions, such as when the party seeking indemnity is not at fault. Id. These exceptions are limited to situations when it is equitable to shift liability for the loss from one joint tortfeasor to another. See Pinal County v. Adams, 13 Ariz. App. 571, 572-73, 479 P.2d 718, 719-20 (1971).
Cella Barr maintains that its failure to discover and disclose certain environmental problems, if any, was merely "passive" negligence because Cohen was actively negligent in his instructions. The trial court, though, found it incredible that an engineering firm which held itself out to be an expert in performing environmental audits was "passively negligent" in failing to discover that the property was in an EPA-designated Superfund site.
In the present matter, we agree with the trial court that Cella Barr's failure to discover environmental obstacles when conducting an environmental audit could not constitute "passive" negligence. Cella Barr admitted in its complaint that it had contracted with the Glassmans to perform engineering *486 and related services in connection with an environmental audit of the electroplating facility. Its failure to conduct a thorough examination under its contract with the Glassmans is not passive negligence. See Shea, 150 Ariz. at 273, 723 P.2d at 91 (Arizona Public Service Company's negligence active despite fact that alleged negligence was failure to repair defective wire); Pinal County, 13 Ariz. App. at 573, 479 P.2d at 720 (county's failure to post sign warning drivers of T-intersection not passive negligence). Further, Cella Barr stated in its amended response to Cohen's motion to dismiss that it was not claiming that its negligence, if any, was passive; this admission is binding on appeal. Brenteson Wholesale, Inc. v. Arizona Public Service Company, 166 Ariz. 519, 522, 803 P.2d 930, 933 (App. 1990).
In its first of two indemnity claims against Cohen, Cella Barr alleged that its liability to the Glassmans, if any, was due to Cohen's reckless misconduct in allowing the transaction to close with known environmental risks. Cella Barr submits that the trial court improperly dismissed this claim and that it is entitled to indemnification from Cohen according to the rationale of section 97 of the RESTATEMENT OF THE LAW OF RESTITUTION (1937), which provides:
A person whose negligent conduct combined with the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tortfeasor could not have done so.
Cohen responds that this section is not applicable in Arizona and is contrary to the policy of denying indemnity when a party actively participates in creating the liability.
As noted by Cella Barr, Arizona courts have acknowledged section 97 but have not applied it to the facts of a particular case. See, e.g., King & Johnson, 123 Ariz. at 258, 599 P.2d at 214; Stroud v. Dorr-Oliver, Inc., 112 Ariz. 403, 407, 542 P.2d 1102, 1106 (1975), supp. op. 112 Ariz. 574, 544 P.2d 1089 (1976); Sequoia Manufacturing Company, Inc. v. Halec Construction Company, 117 Ariz. 11, 21, 570 P.2d 782, 792 (App. 1977); Allison Steel Manufacturing Company v. Superior Court, 20 Ariz. App. 185, 189, 511 P.2d 198, 202 (1973). Its rule allows indemnity when two or more joint tortfeasors are liable to the injured person, if the tortfeasor against whom indemnity is sought is guilty of reckless or intentional wrongdoing and was able to prevent the harm. RESTATEMENT OF RESTITUTION § 97, cmt. a. The Arizona Supreme Court has noted that section 97 is essentially "`an application between tortfeasors of the doctrine of last clear chance.'" King & Johnson, 123 Ariz. at 258, 599 P.2d at 214. As such, this theory of indemnity did not survive the adoption of comparative negligence in Arizona and provides no relief for Cella Barr. See Dykeman v. Engelbrecht, 166 Ariz. 398, 400-01, 803 P.2d 119, 121-22 (App. 1990).
Cella Barr maintains finally that the trial court erroneously dismissed its second claim against Cohen for indemnity because its liability, if any, was premised on actions taken at Cohen's direction and any defects in the environmental audit were attributable to Cohen's faulty or limited instructions. Cella Barr argues that indemnity in such a circumstance is recognized by section 90 of the RESTATEMENT OF RESTITUTION, which states:
A person who, at the direction of and on account of another, has done an authorized act because of which both are liable in tort, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if he acted in reliance upon the lawfulness of the direction, and, as between the two, his reliance was justifiable.
Given the general rule in Arizona that indemnity among joint tortfeasors is not allowed, Young v. Environmental Air Products, Inc., 136 Ariz. 206, 214, 665 P.2d 88, 96 (App. 1982), aff'd as modified, 136 Ariz. 158, 665 P.2d 40 (1983), section 90 provides an exception because, under that section, an agent is entitled to indemnification when he becomes liable in tort, without any fault of his own, simply by following the instructions of another agent of the principal. See id.; see also Radcliffe v. Hilton Inn, 119 Ariz. 306, 308, 580 P.2d 767, 769 (App. 1978) (hotel *487 security entitled to indemnity under section 90 for damages caused by its unlawful entry of hotel room at direction of hotel manager); RESTATEMENT § 90, cmt. a.
Although Cella Barr does not dispute that it contracted with the Glassmans to perform an environmental audit, it alleged that Cohen, acting as the Glassmans' agent, directed the audit, attaching in support the jury verdict finding Cohen to be 37% at fault, twice the liability of Cella Barr. Cohen maintains that Cella Barr cannot recover under this theory because Cella Barr was independently negligent. Cf. Schweber Electronics v. Natural Semiconductor Corp., 174 Ariz. 406, 410, 850 P.2d 119, 123 (App. 1992) (indemnity in chain-of-distribution case requires distributor or retailer to have no independent negligence).
Section 90 applies only when the agent has done "an authorized act" in the manner directed by the principal. RESTATEMENT OF RESTITUTION § 90, cmt. b. Here, Cella Barr never alleged in its complaint that the Glassmans, acting through their agent Cohen, authorized Cella Barr to negligently conduct an environmental audit of the plating facility. In any event, Cella Barr could not be liable if it had properly conducted the study; it is liable for its negligent performance of the audit. In other words, Cella Barr incurs liability because of its own negligence in conducting the environmental audit, not because of Cohen's direction on behalf of the Glassmans. Thus Cella Barr is not entitled to indemnity under section 90.
Additionally, the record fails to establish that the Glassmans placed Cella Barr under the direct supervision of Cohen and that Cella Barr acted reasonably pursuant to Cohen's direction in performing the audit. Although Cella Barr pled in its complaint that Cohen was acting as the Glassmans' agent and that the environmental audit was conducted at Cohen's direction, Cohen replied that no employment relationship existed between him and Cella Barr, and that Cella Barr was merely "an independent contractor hired to conduct an environmental audit/study on behalf of Glassman, not ... Cohen." (Emphasis original.) Because Cohen made clear that there was no issue as to whether Cella Barr acted according to Cohen's direction, Cella Barr then was required to establish with admissible evidence that Cella Barr and Cohen were agents of the principal, the Glassmans, and that, under the terms of this relationship, Cella Barr was acting at the direction of Cohen and in the intended manner. Cella Barr, however, merely relied upon the allegations in its complaint and consequently failed to create a factual issue about which reasonable people could disagree. Thus the trial court granted properly Cohen's motion to dismiss.[1]
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court.
TOCI, P.J., and NOYES, J., concur.
NOTES
[1] Although the deposition transcripts Cella Barr attached to its motion for reconsideration from the trial court's grant of Cohen's motion to dismiss arguably establish that Cella Barr was acting under Cohen's direction, we are precluded from relying on this evidence as a basis for reversing the trial court. See GM Development Corporation v. Community American Mortgage Corporation, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990) (appellate court only considers evidence presented to the trial court when the summary-judgment motion considered).